## BEATRICE F. NILES *v.* RICHARD B. NILES
## (6022)

DALY, O'CONNELL and FOTI, Js.

Argued April 14—decision released August 30, 1988

*George J. Bradford,* with whom were *William Citti* and, on the brief, *Maria T. Tomasky,* for the appellant (plaintiff).

*Richard B. Niles,* pro se, the appellee (defendant).

O'CONNELL, J. The plaintiff wife appeals from a post-judgment order in a dissolution action, which awarded the defendant husband interest on his share of the pro-

ceeds of the sale of the marital home. The plaintiff claims that the trial court erred (1) in not applying the doctrine of res judicata to deny interest, and (2) in applying General Statutes §§ 52-350f and 37-1 to a "family judgment." We find no error.

The parties previously appeared before this court in *Niles* v. *Niles,* 9 Conn. App. 240, 518 A.2d 932 (1986), the details of which will not be repeated here. It is sufficient for purposes of the present appeal to state that the parties' marital home was sold on February 25, 1985, and that, by judgment rendered on August 9, 1985, the defendant became entitled to $67,816.65 as his share of the proceeds. The trial court's judgment was affirmed in *Niles* v. *Niles,* supra, on December 9, 1986. The plaintiff failed to pay the defendant his share until February 2, 1987, and then only after a motion had been filed to compel her to do so.

The defendant again returned to court seeking postjudgment interest on the $67,861.65, to which he claimed entitlement from August 9, 1985, the date of the original judgment. The trial court agreed with the defendant and awarded postjudgment interest in the amount of $8952.83, for the period commencing August 9, 1985, plus further interest at a per diem rate of $14.87 from April 3, 1987, the date the motion was heard, until the date of payment of such interest.

The plaintiff first claims that the trial court erred in failing to apply the doctrine of res judicata to prevent the award of postjudgment interest. Under this doctrine, a final judgment on the merits by a court of competent jurisdiction precludes the relitigation of all relevant claims which were litigated or which might have been litigated in the initial action. *Ven Nguyen* v. *DaSilva,* 10 Conn. App. 527, 531, 523 A.2d 1369 (1987). When this matter was before the trial court on August 9, 1985, only the question of *prejudgment* inter-

est was litigated. The matter of *postjudgment* interest was not before the court, as it could not have been presumed that the plaintiff would fail promptly to remit to the defendant his share of the sales proceeds, in light of the trial court's judgment stating the defendant was so entitled. We therefore conclude that the doctrine of res judicata did not bar the trial court's award of postjudgment interest, as that matter had not and could not previously have been litigated.

The plaintiff next claims that the trial court erred in holding that interest may be awarded on the marital home sale proceeds which the plaintiff contends derived from a "family judgment." We assume that the plaintiff, by the use of that term, intends to refer to "family support judgments." For purposes of postjudgment procedures, that term is defined in General Statutes § 52-350a (7) as "a judgment, order or decree of the superior court for payment of a legal obligation for support or alimony to a spouse, former spouse or child and includes any such order for periodic payments whether issued pendente lite or otherwise." There is no statutory definition of the term "family judgment" used by the plaintiff.

The defendant, on the other hand, argues that the judgment in question was not a family support judgment, but rather constituted a "money judgment," as defined in the pertinent part of § 52-350a (13) as "a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment." We agree with the defendant.

It is apparent that an order for the payment of money from the sale of real estate constitutes a "money judgment" and not a "family support judgment," as those terms are defined, despite the judgment's origin in an action on the family docket. One party cannot, at its

whim, deprive another of monies due and owing simply by changing the characterization of the obligation owed. While similarities exist between support payments and property settlements, we recognize that each serves a distinct purpose. Support, which is generally modifiable, often serves to satisfy an ongoing obligation, whereas a property settlement constitutes a final resolution of a dispute, and as such, warrants the penalty of interest when satisfaction is not obtained. We therefore conclude that the trial court properly ordered that postjudgment interest be paid. See *LaBow* v. *LaBow,* 13 Conn. App. 330, 353, 537 A.2d 157 (1988).

Even if we assume, arguendo, that there is a broader classification of judgment known as a "family judgment" that exists dehors our statutes, we still conclude that the trial court did not commit error. "A determination of whether or not statutory interest is to be awarded as an element of damages ' "is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." ' *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287 A.2d 374 (1971). 'The real question in each case is whether the detention of the money is or is not wrongful under the circumstances.' Id. . . ." (Citation omitted.) *Vernon Foodliner, Inc.* v. *Central Mutual Ins. Co.,* 1 Conn. App. 595, 599, 474 A.2d 468 (1984); see also *LaBow* v. *LaBow,* supra. In the present case, the plaintiff had the use of money to which the defendant was entitled from August 9, 1985, until February 2, 1987. Justice requires that she pay interest for the use of the money for that period.

There is no error

In this opinion the other judges concurred.