ROSANNE FORD *v.* JAMES FORD

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 24982
TOLLAND

Memorandum filed May 9, 1990

*Fisher & Daley,* for the plaintiff.
*Mantak & Christensen,* for the defendant.

KAPLAN, J. In April, 1983, the marriage of the plaintiff, Rosanne Ford, and the defendant, James Ford, was dissolved. As part of the dissolution judgment, the defendant was ordered to make certain payments of unallocated alimony and child support to the plaintiff.

In February, 1990, the plaintiff requested that the court find the defendant in contempt of court for his failure to comply with the terms of the judgment ordering alimony and support payments.

After a hearing on April 2, 1990, the court, *Mack, J.,* entered an order finding the defendant in contempt and awarding the plaintiff $3000 in attorney's fees and $200 in costs. The defendant was ordered to pay the arrearage due, together with statutory interest. The case was continued until May 7, 1990, when the parties were to have determined the precise amount in arrears and to have computed the statutory interest due.

The parties have determined that the arrearage is $27,304. The only issue now before the court is the applicable rate of interest allowed on the arrearage.

The plaintiff maintains that under General Statutes § 37-3a, she is entitled to recover interest on the arrearage at the rate of 10 percent per year or $7369 in interest. The defendant contends that pursuant to General Statutes § 37-1, the plaintiff is only entitled to interest at the rate of 8 percent per year or $5895 in interest.

Section 37-3a provides in pertinent part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

The Connecticut courts have long recognized that, " 'the determination of whether interest is a proper element of damages is to be made in view of the demands of justice, not through the application of any arbitrary rules . . . and . . . the allowance of interest is primarily an equitable determination to be made within the discretion of the trial court.' " *H.B. Toms Tree Surgery, Inc.* v. *Brant,* 187 Conn. 343, 348, 446 A.2d 1 (1982), quoting *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 405–406, 363 A.2d 160 (1975). Where the detention of sums due and payable is adjudged to be wrongful, the courts have concluded that interest is a proper element of recovery. See *Marcus* v. *Marcus,* 175 Conn. 138, 146, 394 A.2d 727 (1978); *Cecio Bros., Inc.* v. *Feldman,* 161 Conn. 265, 274–75, 287 A.2d 374 (1971); *LaBow* v. *LaBow,* 13 Conn. App. 330, 352–53, 537 A.2d 157, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988). Interest awarded under the provisions of § 37-3a is intended to compensate a party for the wrongful detention of sums rightfully owed them. See *Marcus* v. *Marcus,* supra; *LaBow* v. *LaBow,* supra.

In *Marcus* v. *Marcus,* supra, the Supreme Court determined that in awarding interest pursuant to § 37-3a, on sums due under a separation agreement and unjustifiably detained by the defendant, the trial court

had "in its discretion properly concluded that an award of interest was necessary to do complete justice to the plaintiff."

Subsequently, in *LaBow* v. *LaBow,* supra, the Appellate Court determined that the trial court had not abused its discretion in issuing a finding of contempt and in ordering the defendant to pay the arrearage, together with interest, where the defendant had wrongfully detained sums due the plaintiff according to the financial orders set forth in the dissolution judgment. The *LaBow* court simply affirmed the actions of the trial court, which had chosen to set the interest rate at 8 percent under § 37-1. If the trial court had set the interest rate at 10 percent under § 37-3a, that order would obviously have been affirmed by the Appellate Court, since the Appellate Court found that the basis for ordering the interest was under § 37-3a. It would be ludicrous to say that the *rate* set forth in § 37-3a could not be imposed.

Since the defendant has wrongfully detained sums owed the plaintiff totaling $27,304, the plaintiff is entitled to recover this arrearage, together with interest at the rate of 10 percent per year or $7369. See General Statutes § 37-3a; *Marcus* v. *Marcus,* supra.

All other orders of the court shall remain in full force and effect.