[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, PMS Graphics, a corporation located in Stamford and engaged in graphic designing, brought suit against both Pamela Miller and Kurt Wittek claiming a balance due it of approximately $10,000 for the printing of a number of pocket folders ordered by both defendants.
The matter was referred to an attorney trial referee, Gordon R. Paterson, Esq., pursuant to General Statutes S 434(a)(4) and Practice Book S 428 et. seq. The attorney trial referee recommended that judgment should enter for the plaintiff against the defendant Miller for $21,710.79, and against the defendant Wittek for the first $14,600 of said amount, with respect to which he recommended that both defendants be held jointly liable.
The defendant Wittek was defaulted for failure to file an appearance. Defendant Miller filed a motion to correct the report (Practice Book S 438), but the referee declined to make any substantive changes in his report. No exceptions (Practice Book S 439) were filed so our task is ". . . limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield, 5 Conn. App. 104,106, 496 A.2d 994 (1985). Miller did file timely objections to the report (Practice Book S 441). "A party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings. Practice Book 440." Bernard v. Gershman, 18 Conn. App. 652,655, 559 A.2d 1171 (1989).
The trial court's role in evaluating reports of attorney trial referees was addressed in Pilato v. Kapur,22 Conn. App. 282, 283, 576 A.2d 1315 (1990), which held that the trial court was bound by the attorney trial referee's findings of fact, although not by his conclusions of law. To the same effect see Dills v. Enfield, 210 Conn. 705, 716, 557 A.2d 517 (1989) (a trial court may not engage in "fact-finding contrary to the CT Page 6000 report of the referee").
In his report the referee made several findings, including: (i) that the defendant Miller ordered certain printing work to be done on two projects; (ii) that plaintiff received all directions with respect to carrying out its assignment from Miller; (iii) that for the most part plaintiff 8 personal contact was with Miller only and not Wittek; (iv) that Miller never disclosed to the plaintiff that she was an agent of Wittek; (v) and that Miller did pay $4,000 to the plaintiff with respect to invoices sent to her.
The attorney trial referee included that she was an undisclosed agent as to Wittek and therefore that she was obligated to pay plaintiff for the goods it delivered and services provided.
Based on the standard of review I see no reason not to accept the referee's recommendations as I believe his conclusions were "properly reached on the basis of the subordinate facts found." Practice Book S 440.
The other main objection to the referee's report claims that there was an accord and satisfaction. The referee found that while the action was pending, the plaintiff, Miller and Wittek agreed on a settlement of the case which stipulated that Miller would pay $4,000, and Wittek would pay $4,000 and also sign a promissory note for $14,600, which he did on or about September 25, 1989. Wittek did not pay this $14,600 note that was due one year later, in September 1990, and the action continued and was tried in November 1990.
Defendant Miller claims that an accord and satisfaction was reached and that the plaintiff's only recourse at this point is to sue on the note. The referee found that Miller did attempt to pay $4,000 in October of 1990, some 14 months after the purported settlement in August 1989, but by that time the plaintiff rejected the offer, in part because Miller in July and September, 1990, continued to litigate the matter by filing amended special defenses and an amended answer.
In Halloran v. Fischer, 126 Conn. 44, 46, 9 A.2d 290
(1939), the plaintiff sued the defendant for back rent in the amount of $515. The defendant agreed to pay $200. Defendant paid $160 but never paid the balance. The court held that this was not an accord and satisfaction, but rather an executory accord, which never ripened into CT Page 6001 a satisfaction "[I]nasmuch as the $200 was not paid at the time agreed, and in fact it was never paid. . ." The court went on to indicate that: "[T]he essence of an accord and satisfaction is that it should be executed as agreed." Id, 46.
The court in W. H. McCune, Inc. v. Isadore Revzon,151 Conn. 107, 109, 193 A.2d 601 (1963), stated that "[A]n accord is an agreement; but there is no agreement without a consideration; and receiving part only, is no consideration for an agreement not to collect the rest; it is a nude pact."
In Gilreath v. Sentry Insurance Co., 38 Conn. Sup. 422,424, 450 A.2d 873 (1982), the court stated that "the discharge of a debt by accord and satisfaction occurs when a debtor renders performance different from that allegedly due to his creditor and the creditor accepts the substituted performance in full satisfaction of the disputed claim." In the present case, although the plaintiff accepted the terms of the agreement, it was the fulfillment of those terms that would result in a discharge of the debt based on the theory of accord and satisfaction. Associated Construction v. Camp, Dresser McKee, 646 F. Sup. 1574, 1580 (D.Conn. 1986).
The defendant argues that the plaintiff is barred by the doctrine of res judicata since the matter in controversy has been settled by agreement. However, because the court has never acted upon this matter, there is no final judgment in which the agreement may be merged and thus renders the doctrine inapplicable. Ven Nguyen v. DaSilva, 10 Conn. App. 527, 531, 523 A.2d 1369 (1987); Niles v. Niles, 15 Conn. App. 718, 719, 546 A.2d 329
(1988).
It appears that Miller continued the action by refusing to pay $4,000 in October, 1989, and by refusing to execute a release, but on the contrary continued to litigate the matter.
Because the attorney trial referee's factual finding must remain undisturbed, and since I believe that his conclusions to the effect that: (i) defendant Miller was an undisclosed principal as to Wittek, and that (ii) the executory accord never ripened into a satisfaction, are sound and logical, Miller's objections to the report are overruled.
Judgment may enter in favor of the plaintiff against CT Page 6002 the defendant Miller for $21,710.96, the first $14,600 of which is the joint and several obligation of both defendants.
So Ordered.
Dated at Stamford, Connecticut this 3rd day of July, 1991.
WILLIAM B. LEWIS, Judge