[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff requests in its motion for redetermination of debt that the court adjust the award to reflect the additional interest and attorney's fees incurred by the plaintiff in response to the appeal and the subsequent motions. Plaintiff now requests a judgment for the debt of $144,750.00 and attorney's fees of $13,900.00.
"Any agreement contained in a . . . note . . . to pay costs, expenses or attorney's fees, or any of them, incurred by the holder . . . in any proceeding for collection for the debt . . . is valid, but shall be construed as an agreement for fair compensation rather than as a penalty, and the court may determine the amounts to be allowed . . ." General Statutes49-7. General Statutes 49-7 validates any agreement as to attorney's fees in `any proceeding for the collection of the debt . . . .' It is clear that attorney's fees for such a proceeding are merely a continuation of the collection process . . . ." City Savings Bank of Bridgeport v. Miko, 1 Conn. App. 30,36-36, 467 A.2d 929 (1983).
The note in the present case sets forth that "all costs, fees and expenses including, but not limited to, reasonable attorney's fees incurred in the collection of all or part of this Note . . . any litigation or controversy arising from or connected with this Note . . . shall become an additional part of the unpaid principal balance." (Note dated July 28, 1989, Paragraph 7.)
"Unless otherwise provided by agreement, interest at the legal rate from the date of maturity of a debt shall accrue as an addition to the debt." General Statutes 37-1(b), Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 301, 308,472 A.2d 316 (1984). "[I]nterest at the rate of ten per cent a year . . . may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." General Statutes 37-3a. "`[t]he allowance of interest as an CT Page 9840 element of damages is primarily an equitable determination and a matter within the discretion of trial court.'" (Citations omitted.) Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681,701-02, 590 A.2d 957 (11991). Postjudgment interest may be awarded where a losing party does not promptly remit an amount awarded in a judgment to the prevailing party. See Niles v. Niles, 15 Conn. App. 718, 719-20, 546 A.2d 329 (1988). The standard applied is whether or not the detention of the money is wrongful under the circumstances. Middlesex Mutual Assurance Co. v. Walsh, supra, 702.
The court redetermines the judgment debt to be $144,750.00 plus attorney's fees of $13,900.00 plus costs, as previously taxed.
SYLVESTER, J.