[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT AND ORDER FOR PAYMENT OF INTEREST ON MONEY OWED
This case comes before the court as plaintiff's motion for contempt against defendant for unpaid and past due child support in the amount of $12,475.00, unpaid and past due alimony in the amount of $345.00, and unpaid and past due child support and alimony arrearage in the amount of $1,405.00. The plaintiff also seeks interest on all unpaid and past due sums, costs and attorney fees which plaintiff claims are due and owing to her and that such sums of money were wrongfully detained by the defendant from February 2, 1973.
The issue before the court is whether interest is chargeable on these amounts. The plaintiff asserts that the conduct of defendant is willful and wrongful and makes a mockery of the court's rules. In asking for interest on the money owed the plaintiff relies on Connecticut General Statutes 37-3a[1] which provides that interest may be recovered and allowed in civil actions as damages for the detention of money after it becomes payable.
In defendant's memorandum in opposition to plaintiff's motion, the defendant concedes that there is an arrearage owed by the defendant to the plaintiff. The defendant asserts, however, that a charge of interest in this case is not appropriate or consistent with Connecticut statutory or case law. Defendant relies on General Statutes 52-530a to assert that the status of the money due in this case is that of a "family support judgment" and not that of a "money judgment" and therefore, interest is not permitted.
The dissolution' agreement between the plaintiff and the defendant clearly was initially a "family support judgment" within the meaning of the statute. The question before the court is whether the family support judgment became a "money judgment" after the contempt orders issued against the defendant ordering him to pay. If the family support judgment became a money judgment after the court found defendant in contempt, then interest would be chargeable. If the finding of contempt did not change the legal CT Page 151 status of the family support judgment, then interest would not be appropriate.
General Statutes 52-350a(7), defines "Family support judgment" as "a judgment, order or decree of the superior court for payment of a legal obligation for support or alimony to a spouse, former spouse or child and includes any such order for periodic payments whether issued pendente lite or otherwise."
General Statutes 52-350a(13) defines "Money judgment" as "a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment."
General Statutes 52-350f, titled "Enforcement of money judgment. Costs, fees and interest" reads in part as follows: "A money judgment maybe enforced against any property of the judgment debtor. . . . The money judgment may be enforced. . . to the amount of the money judgment with (1) all statutory costs and fees as provided by the general statutes, (2) interest as provided by chapter 663 on the money judgment and on the costs incurred in obtaining the judgment, and (3) any attorney's fees allowed section 52-400c."
 The question of interest in a dissolution of marriage case is a confusing issue. If the judgment is a family support judgment pursuant to 350a(7) then it is clear that no interest is due. If it is a money judgment under 52-350(f) then there is interest due. The rate is to be determined by 37-3(a) which seems to indicate a 10% rate of interest.
Volpe v. Volpe, 8 Conn. L. Rptr. No. 13, 431, 432 (Stamford, March 29, 1993).
Plaintiff relies on the findings in Ford v. Ford,41 Conn. Sup. 538, 589 A.2d 893 (1990), to assert that interest is chargeable against the money owed to the plaintiff by the defendant. In Ford, the defendant was ordered to pay unallocated child support and alimony to the plaintiff as part of a dissolution judgment. Seven years later the defendant was found in contempt for failure to comply with the judgment and the plaintiff was awarded attorney's fees and costs. The defendant was ordered to pay the arrearage due with added statutory interest. Though the issue CT Page 152 before the court in Ford was not whether to apply interest but rather at what rate, principles of law cited in Ford to support the award of interest are relevant to the present case.
 The Connecticut courts have long recognized that, `the determination of whether interest is a proper element of damages is to be made in view of the demands of justice, not through the application of any arbitrary rules . . . and . . . the allowance of interest is primarily an equitable determination to be made within the discretion of the trial court.' H.B. Toms Tree Surgery, Inc. v. Brant, 187 Conn. 343, 348, 446 A.2d 1 (1982), quoting Scribner v. O'Brien, Inc., 169 Conn. 389, 405-406, 363 A.2d 160 (1975). Where the detention of sums due and payable is adjudged to be wrongful, the courts have concluded that interest is a proper element of recovery. See Marcus v. Marcus, 175 Conn. 138, 146, 394 A.2d 727 (1978); Cecio Bros., Inc. v. Feldman, 161 Conn. 265, 274-75, 287 A.2d 374 (1971); LaBow v. LaBow, 13 Conn. App. 330, 352-53, 537 A.2d 157, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988). Interest awarded under the provisions of 37-3a is intended to compensate a party for the wrongful detention of sums rightfully owed them. See Marcus v. Marcus, supra, 146; LaBow v. LaBow, supra, 352-53.
Ford v. Ford, supra, 539.
The plaintiff asserts that the factual setting in Ford is similar to the present case in that it is alleged that the defendant has wrongfully detained sums of money due and owing to the plaintiff. The detention of money that is due and payable is wrongful if there is no indication that the person owing the money is justified in withholding the money for some reason. Marcus v. Marcus, supra, 146.
The defendant argues that the amount due is an arrearage of a family support judgment which under 52-350a(7) is not permitted to be charged interest. In support of this argument, the defendant relies on Blake v. Blake, 211 Conn. 485, 560 A.2d 396 (1989). In Blake, the underlying dissolution judgment ordered the defendant to pay the plaintiff 1,200,000.00. The defendant failed to pay accordingly and the court awarded interest on the delayed payment. The defendant claimed that the money owed was a family support CT Page 153 judgment and therefore not subject to interest. The court concluded that the money owed was a property division that qualified as a money judgment under 52-350a(13) and therefore was subject to interest.
 The difference between an assignment of a specific portion of an estate and alimony is in their purpose . . . . The purpose of property assignment is equitably to divide the ownership of the parties' property . . . . On the other hand, periodic and lump sum alimony is based primarily upon a continuing duty to support . . . . While similarities exist between support payments and property settlements, we recognize that each serves a distinct purpose. Support, which is generally modifiable, often serves to satisfy an ongoing obligation, whereas a property settlement constitutes a final resolution of a dispute, and as such, warrants the penalty of interest when satisfaction is not obtained. (Internal citations omitted).
Blake v. Blake, supra, 497-500.
In addition to Blake, supra, the defendant relies on two other cases that address whether under 52-350a a judgment qualifies as either a family support judgment or a money judgment. In Niles v. Niles, 15 Conn. App. 718, 546 A.2d 329 (1988), the court relied on52-350a, in holding that the proceeds from the sale of the marital home was a money judgment and therefore subject to interest for the period of delay that plaintiff failed to pay the proceeds to defendant pursuant to the dissolution agreement. "The real question in each case is whether the detention of the money is or is not wrongful under the circumstances . . . . In the present case, the plaintiff had the use of money to which the defendant was entitled . . . . Justice requires that [plaintiff] pay interest for the use of the money for that period." Id., 721.
The defendant also cites Volpe v. Volpe, 8 Conn. L. Rptr. No. 13, 431 (Stamford, March 29, 1993). The court in Volpe followed the Supreme Court's decision in Blake in concluding that the proceeds from the sale of the marital home qualified as a division of property and was therefore a money judgement as opposed to a family support judgment. "It is apparent that an order for the payment of money, from the sale of real estate constitutes a `money judgment' and not a `family support judgment,' as those terms are defined, CT Page 154 despite the judgment's origin in an action on the family docket." Id., 432, citing Blake, supra, 500.
Under Blake, Niles and Volpe it is clear that proceeds from the sale of real estate qualify as division of property and are therefore money judgments, not family support judgments. However, the issue in the present case does not concern the sale of real estate but rather whether interest is chargeable on money that was due as a family support judgment but was subsequently wrongfully withheld. The following are three appellate court cases where the court found that interest was chargeable on money that was wrongfully detained.
In LaBow, supra, the factual setting was similar to the one in the present case. The defendant failed to pay taxes that he had been ordered to pay in the dissolution judgment. The court ordered that the defendant reimburse the plaintiff for the taxes she paid and charged interest thereon.
 The question of whether or not interest is a proper element of recovery ordinarily rests upon whether the detention of money is or is not wrongful . . . . Nothing in the record indicates that the defendant was justified in withholding sums due each month under financial orders set forth in the dissolution judgment. In fact, the trial court found that retention of the sums owed to the plaintiff was wrongful. When a former spouse is not justified in failing to pay sums due under a separation agreement, the award of interest is proper.
LaBow, supra, 352-53.
In reviewing whether the trial court had abused its discretion in awarding interest, the appellate court concluded:
 Because there is no statutory prohibition against awarding interest on a judgment in domestic relations cases, and because the courts may fashion remedies that are appropriate and equitable, and because the court found that the retention of the sums owed was wrongful, the award of interest in this case was not an abuse of discretion. CT Page 155
Id., 353.
In Kronholm v. Kronholm, 16 Conn. App. 124, 547 A.2d 61
(1988), the court found that the dissolution agreement was ambiguous and that money owed under the agreement was not withheld wilfully. "The trial court found that the defendant had not wilfully failed to comply in view of the legal issues raised relating to the terms of the agreement, it ordered that the defendant pay statutory interest from the date of its order, which was January 29, 1987. [As opposed to ordering interest from the date on which the money was originally due, August 30, 1985.] There is no statutory prohibition against awarding interest on a judgment in domestic relations cases." Id., 133; citing LaBow, supra.
Finally, in DeMatteo v. DeMatteo, 21 Conn. App. 582,575 A.2d 243 (1988), the appellate court found that in this domestic relations case, the plaintiff was unjustifiably denied the use of money owed by the defendant and therefore that the trial court should have awarded interest.
 The paramount role of a court when considering domestic relations cases is one of a `court of equity.' The court's equity powers are essential to its ability to fashion the appropriate relief in domestic relations cases. `The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute . . . . These powers, although not expressly given to the court by statute, have been held to be inherent powers of the trial court. . . .'
LaBow, supra, 351; citing Pasguariello v. Pasguariello, 168 Conn. 579,585-86, 362 A.2d 835 (1975).
Interest is not chargeable on alimony and child support under52-350a(13). However, under 37-3(a), interest is chargeable on civil judgments on amounts wrongfully detained after judged to be due and owing. The money due and owing in the present case cannot be characterized as an "ongoing obligation" associated with a family support judgment. Rather the amount at issue here is the total arrearage of payments that were supposed to be paid CT Page 156 periodically under 52-350a(13). For reasons not known to the court, the defendant failed to comply with the payment schedule. Such failure to pay according to the dissolution agreement and the subsequent findings of contempt on part of the defendant qualify the amount due as being a civil judgment in favor of plaintiff. The money rightfully belongs to plaintiff, the retention of the money by defendant is wrongful, and therefore, interest may be charged on the money that is due and is being wrongfully withheld, at the rate of 10% per annum.
It is so ordered.
HIGGINS, J.