[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE:MOTION FOR CONTEMPTMOTION FOR APPELLATE COUNSEL FEES
The dissolution judgment was reversed by the Appellate Court on July 20, 1993 as to financial orders and remanded for further proceedings. Cooley v. Cooley, 32 Conn. App. 152
(1993), Certification was denied by the Supreme Court on October 28, 1993. The appeal had been filed by the plaintiff and the defendant cross appealed. A motion for contempt was filed by the plaintiff wife in May 1993 but not heard until 1994 because of scheduling difficulties. The motion is directed to a particular series of payments due the wife. The defendant husband claims that order is void under the reversal and in any event, he should not pay either interest or attorney's fees. The court does not agree.
A motion for Appellate Counsel Fees was filed by the plaintiff wife.
Both motions were heard together, although the issues in each were separately addressed.
I — Contempt
 a.
The order in question stated:
 "The Defendant shall pay alimony to the Plaintiff as follows: $15,000.00 within 60 days and $10,000.00 on the same date of each succeeding year for three years (total four years) and then $1 per year alimony to Plaintiff until December 31, 1996; the duration of said alimony is not modifiable."
The defendant paid the $15000 but failed to pay the 1992 and 1993 installments, arguing that the above order was lump sum alimony, not periodic alimony, so automatically stayed by CT Page 5462 Practice Book § 4046 and then reversed by the Appellate Court.
On the contrary the order was for periodic alimony. A lump sum alimony order is not modifiable, as this order was, except only as to duration. cf. Scoville v. Scoville,179 Conn. 277 (1979); General Statutes § 46b-86. The $1 per year provision was hardly an installment of lump sum alimony; indeed if it were such the provision would be meaningless, if not insensitive to the recipient. See Cooley v. Colley, supra 163-265. The court order was not $45,002.00 in installments.Pulvermacher v. Pulvermacher, 166 Conn. 380 (1974).
While many periodic alimony orders are weekly, this court was not limited to that format. This arrangement was made after a full hearing comparing the parties' financial abilities and resources.
The defendant himself reported the $15000 payment on his federal tax return as periodic alimony.
The court need not speculate on the possible claims of the parties if any change of circumstances — death or remarriage — had occurred during the duration of the order. None did, but in any event the order was periodic and modifiable, even though time limited. 46b-86.
 b.
Even if the order were periodic the defendant claims he cannot be held in contempt because the appellate judgment vacated the order: no order, no contempt. ". . . (T)he sanction of contempt maybe imposed on a party for the willful failure to pay any sums due under an order of child support that is on appeal at the time of nonpayment, regardless of whether the sanction is imposed before or after the appellate reversal" Mulholland v. Mulholland, 31 Conn. App. 214, 215, cert. granted, 227 Conn. 905 F(1993). Although Mulholland, supra, referred to child support, the decision is equally applicable to periodic alimony as periodic alimony and support orders are coupled together in Practice Book § 4046 and inMulholland, supra, 219. The time frame is similar betweenMulholland, supra, 217, and the present situation. An obligor need not be specifically warned about contempt before the sanction can be imposed. CT Page 5463
The awkward status of the defendant's dismissal ofMulholland, supra is that certification was granted by the Supreme Court. Arguments recently were made so a decision is awaited which could resolve this motion. While this trial court is still bound by the Appellate decision with or without the dissent, the parties should reevaluate this memorandum in light of a forthcoming Supreme Court decision.
 c.
Willful failure to comply with a court order may be contempt. Mallory v. Mallory, 207 Conn. 48 (1988). The contempt finding depends on the facts and circumstance surrounding the failure. While the defendant has the burden of proving an acceptable excuse for noncompliance, he cannot disobey either because he believes the order is invalid or should not be obeyed. Bryant v. Bryant, 228 Conn. 630 (1994);Tuffano v. Tuffano, 18 CA 119 (1989); The defendant was aware that plaintiff characterized the order as periodic. While it may be a coincidence that the plaintiff's contempt motion was filed shortly after the issuance of Mulholland, supra, the defendant, even with his exposure, at no time, not even then, has sought a stay under Practice Book §§ 4047, 4049. Nor did the defendant ever file for any relief from the specific order even though he did file to stay an attorney fee order. The defendant elected not to seek any relief from the alimony order. During the period, he paid $15000 to his appellate attorneys. The funds were obtained from the Timothy trust.Cooley, supra 166-170. The defendant has not acted in good faith.
The defendant made a choice and is now found in contempt of the court order.
 d.
The defendant objects to any claim for statutory interest as being inequitable. While interest is not mandatory, the allowance of interest is a proper element of damages in order to do complete justice. Interest would be equitable under the facts of this memorandum.
A further consideration is whether a contempt arrearage is § 37-3a money judgment allowing interest or a § 52-530a family support judgment precluding interest. Cooley, supra, CT Page 5464 169. Blake v. Blake, 211 Conn. 485 (1989); LeBow v. LeBow,13 Conn. App. 230 (1988). The issue has also been analyzed in two Superior Court decisions. Fowler v. Fowler, Superior Court, judicial district of Middlesex Docket No. 21248 (January 5, 1994) and Ford v. Ford, 41 Conn. Sup. 538 (1990). The plaintiff is a creditor entitled to the same right as any creditor.
Accordingly, interest maybe charged on the money that is due and is wrongfully withheld at the rate of 8% per annum. § 37-1, LeBow v. LeBow, supra, 353.
 e.
The plaintiff seeks a reasonable attorney's fees and $84 service fees under § 46b-87. Having found the defendant in contempt, the court may award reasonable compensation for the plaintiffs' attorney. Mallory v. Mallory, 207 Conn. 48,58 (1988).
There were several hearings, including legal arguments. The court had an opportunity to observe the basis for legal fees. Bizzoco v. Chinitz, 193 Conn. 304, 310 (1984). The court sets $900 as a reasonable attorneys fee plus $84 service fees in connection with the contempt motion.
 f.
Having been found in contempt, the defendant has forty five days from this decision to purge the contempt by paying to the plaintiff the amounts due under this section.
II — Appellate Counsel Fees
In determining attorneys fees on appeal, the court has an expanded standard in exercising its broad discretion: the criteria of § 46b-62 and § 46b-82 and the respective financial abilities of the parties. The court examines the total assets of the parties at the time of any order for attorneys fees as part of an evaluation of whether a party has sufficient liquid funds to pay an attorney. Even if liquid funds are available, the allowance of counsel fees should not undermine any of the dissolution financial allocations of the court. Anderson v.Anderson, 191 Conn. 46, 58-60 (1983); Greene v. Greene,13 Conn. App. 512, 516-517 (1988). Counsel fees are not CT Page 5465 dependent on whether the plaintiff prevailed on the appeal or cross appeal, at least when, as here, her appeal and defense were not frivolous. Fredlander v. Fredlander, 191 Conn. 81
(1983); Thomas v. Thomas, 159 Conn. 477 (1970). The court has examined the appellate attorney's two affidavits showing 203.90 hours at an hourly rate of $150 totalling $30,585. Plaintiff shows $30,000 in unpaid attorneys fees, payable at $95 per week. (Costs of $475 were incurred including $300 bond; the plaintiff has paid the $475 plus $2000 on account.) Of the $30,585, $11,572.50 was dedicated to the reply brief on the cross complaint. Emphasizing the special efforts, however unsuccessful, to develop a persuasive cross appeal defense, the plaintiff incurred a greater fee obligation than the defendant who did not seek to modify the applicable law. Cooley, supra, 167-170. Copies of briefs were made available for the hearing. Having paid $15,000 per appellate fees, the defendant lists $8,600 as his unpaid fees.
 a.
Plaintiff has failed to achieve her projected income goals. Her annual gross income is about $12,250, reducing to a weekly net income of $160. She has also received pendente lite alimony of $200 per week since December 1, 1993 from the defendant. The bulk of her estate is not liquid. Her IRA, insurance cash value and $500 checking account total about $4,700. She drives a 1986 Cressida. Her only unsecured debts are the attorney's fees.
Defendant shows a gross annual self employment income of $41,332 plus weekly Timothy trust income of $128 and securities income of 26 so his weekly net income is $795. He pays $150 a week alimony to his first wife, as well as the $200 weekly to the plaintiff. He has remarried; his current wife is employed which reduces his living expenses. The Paula trust may provide benefits for his children, including the 19 year old child of the parties, as can the Timothy trust which still provides benefits for him. Mallory v. Mallory,207 Conn. 48, 56 (1988). Leaving aside the disputed real and personal marital property, the defendant lists a projected $6500 gun collection, a $2400 bank account, $50,400 securities of which about $19,400 is pledged as collateral for a $10,000 debt. He drives a 1992 Nissan without any loan balance. He has $27,500 available as cash value on his life insurance and $84,000 liquidated value on IRAs. In addition to the debt due CT Page 5466 his attorney, he owes $14,700 on his credit cards.
While plaintiff lists no health or dental insurance, the defendant and his current wife have coverage.
 b.
The court finds that the plaintiff does not have sufficient liquid funds at this time to pay appellate counsel fees. The withheld periodic alimony represents past due support for 1992 and 1993. Reconsidered financial orders involving marital assets and alimony have not yet been issued; the court cannot now consider future liquidity status.46b-82; 46b-81. Nor can this court project how an allowance of attorneys fees at this stage would undermine the forthcoming dissolution financial orders. Eslami v. Eslami,218 Conn. 801, 818-821 (1991); Holley v. Holley, 194 Conn. 25
(1984). This court has neither the benefit of a final dissolution order or involvement in the remand. The final dissolution orders are variable beyond the control of this court. The court is asked to wash one hand. After the defendant pays the ordered appellate counsel fees, plaintiff will still owe legal fees. The remand judge has the power to allocate that debt, as any debt, between the parties to protect the financial awards of the court.
 c.
After carefully considering the totality of the circumstances, including the financial ability of each part in light of the statutory criteria of § 46b-82 and case law, plaintiff is awarded $22,000 appellate counsel fees. The court anticipates that the remanded matters will be heard or resolved within a reasonable time thereby clarifying the ownership of the marital assets, but in any event, the appellate counsel fees should be paid within ninety days from this decision.
Samuel S. Goldstein, J. CT Page 5467