[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (109)
This is the plaintiff's "Motion for Contempt" seeking interest on a late payment of monies due her under a judgment of dissolution dated March 18, 1994. The plaintiff does not seek other sanctions, nor makes any other claim than interest and an attorney's fee in connection with this motion. CT Page 12386
Under the agreement which was accepted by the court and incorporated by reference into the judgment, the defendant agreed under Article IV [IV] paragraph 4.1, to pay to the plaintiff the sum of $75,000.00 within four months of the date of dissolution (July 18[,] 1994). The payment of these monies was not made until October 28, 1994. The plaintiff claims that she is entitled to interest pursuant to C.G.S. § 37-3a, at the rate of ten percent per annum, from July 18 to October 28, or $2096.10.
It is true, as the plaintiff argues, that this court may award interest on judgments in domestic cases, pursuant to Section 37-3a, if the court should find that the retention of the monies due were wrongful. LaBow v. LaBow, 13 Conn. App. 330,353. This court does not find the actions of the defendant to be "wrongful".
The court finds the testimony of the defendant to be credible. The defendant sought to refinance his real estate so that he would be able to pay the plaintiff monies due pursuant to the agreement. He applied to the McCue Mortgage Company in April, 1994, and he was told that his application was approved. The defendant attended a closing in July, 1994, but learned at the closing that he would not receive the amount he had expected. As a result, the closing was aborted and he applied with another mortgage company. He had to obtain a new appraisal or had difficulty with the appraisal, but was approved, nevertheless, and had a closing on October 24, 1994. After the recision period, the monies, $75,000.00, were sent directly to the plaintiff.
The defendant did not have $75,000.00 in liquid funds at the time of the dissolution to pay to the plaintiff, which is evidenced by his financial affidavit filed at that time. It is clear to the court that the defendant had to borrow these funds or refinance his real estate in order to satisfy his obligations under Article 14, Paragraph 4.1 of the separation agreement. He made his best effort to make that payment within the time contemplated under the agreement. Unfortunately, because of a misunderstanding and/or mixup, he did not obtain the money on the date he anticipated. The court cannot find that he intended to withhold monies due the plaintiff. The court does not find that the actions of the defendant were wrongful. The court finds that the defendant acted in good faith and made reasonable efforts to comply with his obligations under the agreement. The court will therefore not award interest to the plaintiff, since CT Page 12387 the purpose of C.G.S. § 37-3a is to compensate a party for the wrongful detention of sums rightfully owed. Ford v. Ford,41 Conn. Sup. 538, 539. There was no wrongful detention in this matter. In addition, the court will deny the plaintiff's claim for an attorney's fee.
/s/ Pellegrino PELLEGRINO, J.