[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION RE POSTJUDGMENT INTEREST
This matter comes before the court pursuant to plaintiffs motion to compel compliance with a subpoena duces tecum. The parties, however, have agreed that the substance of the subpoena is the plaintiffs request for postjudgment interest, the propriety of which is the court's task to resolve.
 Factual Background
The plaintiff secured a money judgment arising out of a promissory note to plaintiffs assignor, Fleet Bank. Judgment for $72,585.96 was entered against the defendant on July 19, 1990. The court entered orders of weekly payments of $15 per week in February of 1986 and $60 per week in March, 1996. The defendant substantially complied with those orders of payment.
Subsequently, the plaintiff conducted discovery seeking to lead to its executing further on the judgment and obtained an CT Page 9624 execution from the court. The execution was issued on May 11, 1999. The plaintiff claims it is automatically entitled to post judgment interest from the date of judgment until the present time. The defendant has offered to satisfy the judgment but claims no postjudgment interest is due unless the court, within its discretion, orders it.
 Issues
The issues before this court are whether, in this contract action, post judgment interest is mandatory or discretionary with the court. If discretionary, the court must also determine whether to award such interest.
 Law and Conclusion
The plaintiffs position is largely based on its claim that General Statutes § 37-3a[1] and § 52-350f[2] entitle the plaintiff to collect postjudgment interest without any further authorization from the court and, in addition, the plaintiff asserts that the court cannot issue any order denying the plaintiff its postjudgment interest.
In its argument, the plaintiff claims that although §52-350f refers to § 37-3a, it is only to ascertain the statutory rate of interest. It further argues that § 52-350f controls the mandatory accrual of interest on the judgment. The plaintiff cites the superior court case of Keyes v. Keyes, (1904 WL 255781) New Haven Judicial District, Barnett, J.).
The defendant, however, argues that § 52-350f defines the statutory enforcement procedure for the collection of a judgment and has nothing to do with whether or not postjudgment interest is mandatory.
For the following reasons, this court is of the opinion that the defendant's position is correct.
 § 52-350f Does Not apply to Postjudgment Interest Other Than its enforcement and Postjudgment Interest Under § 37-3a is not Mandatory
This court is of the opinion that § 52-350 is only an enforcement statute. Its title specifically states its purpose, and the language of the statute describes the procedure for CT Page 9625 enforcing judgments.
It is clear that § 37-3a has been held to apply to post judgment interest. Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 301, 308 (1984).
To determine whether postjudgment interest is mandatory, it would first be appropriate for the court to examine §§ 37-3a
and 52-350f from the perspective of statutory construction. The case law has analyzed the wording of various statutes to determine if a statute is mandatory or permissive. The statutes in this case use the word "may" (permissive) as opposed to the word "shall" (mandatory). Our courts have consistently held that these words differentiate between discretionary and mandatory.Seals v. Hickey, 186 Conn. 337, 345-47 (1982). The use of the word "may" indicates the legislature's intention that the statute describes a discretionary power to award damages Richard Riagioand Sons, Inc. v. Galiette, 46 Conn. App. 63 (1997).
Nowhere in either statute does the word "shall" appear. Conversely "may" is the predominant word in both statutes.
Four superior court judges have held that postjudgment interest (other than in negligence cases) is discretionary.Centerbank v. Muller, Judicial District of Waterbury 1993 WL 479794 (1993). Sylvester, J.; Marchetti v. Ramirez, Judicial District of New Haven, WL 600409 (1997), Skolnick, J.; TravelersIndemnity Company v. Judge, Judicial District of Stamford/Norwalk (CV95-0143492, (1996), D'Andrea, J. Charles Buddris v. RZ, Inc., Judicial District of Ansonia-Milford, CV-0364668 (1998), Flynn, J. This court agrees and so holds.
 Plaintiff is Not Entitled to PostJudgment Interest § 37-3a is therefore the appropriate statute to determine whether or not postjudgment as well as prejudgment interest is to be awarded. ". . . a necessary predicate for such and award is, however, a determination that the party against whom interest is to be awarded "has wrongfully detained money due the other party.'"State of Connecticut v. Lex Associates, 248 Conn. 612, 628
(1999).
"The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the CT Page 9626 application of any arbitrary rule . . . The real question in each case is whether the detention of money is or is not wrongful under the circumstances . . . Basically, the question is whether the interests of justice require the allowance of interest as damages for the loss of use of money . . . the allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying withing the discretion of the trial court." Bertozzi v. McCarthy, 164 Conn. 463, 466-467
(1973). The real question in each case is whether the detention of money is or is not wrongful under the circumstances. Niles v.Niles, 15 Conn. App. 718 (1988).
In this case, the court on two occasions, decided that weekly payment orders of $15 and $60 were appropriate. The defendant, as previously noted, substantially complied with these orders There is no evidence before this court that the defendant either before or after judgment secreted or otherwise wrongful)y withheld funds from the plaintiff. Therefore, the court declines to award postjudgment interest.
Freed, J.