******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARGARET PROFETTO *v.* CURTIS W. LOMBARDI
(AC 37756)

Gruendel, Alvord and Prescott, Js.*

*Argued February 17—officially released April 19, 2016*

(Appeal from Superior Court, judicial district of New
Britain, Hon. Lois Tanzer, judge trial referee.)

*Curtis W. Lombardi*, self-represented, the appellant (defendant).

*Irving H. Perlmutter*, with whom, on the brief, was *Andrew M. Ullman*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Curtis W. Lombardi, appeals from the trial court's judgment of foreclosure by sale of a judgment lien that had been placed on the defendant's residential property by the plaintiff, Margaret Profetto.[1] The purpose of the judgment lien was to secure the order of the court, *Burke, J.*, contained in the parties' dissolution judgment, that required the defendant to pay the plaintiff $72,172.31 plus interest at the rate of 6 percent from the date of that judgment. On appeal, the defendant claims that the court should have concluded that the foreclosure of a judgment lien was "not the appropriate vehicle to enforce a family support judgment" in a dissolution action. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The court dissolved the parties' three year marriage on October 4, 2013. In the judgment of dissolution, the court concluded that an award of alimony to either party was not appropriate due to the relatively short duration of the marriage. There were no children issue of the marriage. The court entered orders with respect to, inter alia, the parties' personal property and their responsibility for existing debts. The court also entered the following order regarding the defendant's obligation to repay the plaintiff for certain loans she had made to him during the marriage, as evidenced by promissory notes: "[T]he [defendant] shall transfer to the [plaintiff] the amount of $72,172.31 with postjudgment interest of six (6%) percent accruing as of the date of this judgment . . . ."

On October 23, 2013, to secure the payment of that judgment, the plaintiff filed in the land records a certificate of judgment lien against the defendant's real property located at 106 Treble Road in Bristol.[2] The property is the defendant's residence. Because the judgment had not been paid in whole or in part, the plaintiff commenced the present foreclosure action on December 5, 2013. Although the defendant did not file a motion to dismiss the action, the court, *Hon. Lois Tanzer*, judge trial referee, acknowledged and addressed his challenge to the court's jurisdiction over the foreclosure action in a memorandum of decision issued on February 18, 2015. The defendant had claimed that the foreclosure of a judgment lien was permitted for "money judgments" only, and that the court's order in the dissolution judgment was not a "money judgment."[3] The court determined that the order at issue was not alimony or any other type of "family support judgment,"[4] but, rather, was a judgment for a sum certain[5] with interest and therefore a "money judgment." Accordingly, the court concluded that the judgment could be enforced by the foreclosure of a judgment lien pursuant to General Statutes § 52-350f,[6] that the court had subject matter jurisdiction over the parties' controversy, and that the trial

was to continue as scheduled. Following a two day trial, the court rendered judgment in favor of the plaintiff on March 5, 2015, and ordered a foreclosure by sale of the judgment lien. This appeal followed.

The sole issue in this appeal is whether the court's order in the dissolution judgment that required the defendant to pay the plaintiff $72,172.31 plus interest was a money judgment subject to enforcement by the foreclosure of a judgment lien, or a family support judgment that was not subject to enforcement pursuant to the postjudgment procedures detailed in chapter 906 of the General Statutes. The trial court concluded that the order requiring the repayment of $72,172.31 plus interest, which was a debt that arose from loans made between the parties during the marriage, was a money judgment and not a family support judgment. We agree.

The defendant's claim on appeal is a question of subject matter jurisdiction that raises a matter of statutory interpretation. See *LoRicco Towers Condominium Assn.* v. *Patani*, 90 Conn. App. 43, 48–49, 876 A.2d 1211, cert. denied, 276 Conn. 925, 888 A.3d 93 (2005). "Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply." (Internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 847, 937 A.2d 39 (2008).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Alvord Investment, LLC* v. *Zoning Board of Appeals*, 282 Conn. 393, 401–402, 920 A.2d 1000 (2007). "The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Alexson* v. *Foss*, 276 Conn. 599, 605, 887 A.2d 872 (2006).

In the present case, the judgment of dissolution contained no orders for alimony or child support. A money judgment may be enforced by postjudgment procedures, including the foreclosure of a judgment lien. See General Statutes §§ 52-350f and 52-380a. A money judgment is defined as an order for the payment of a sum of money, but expressly excludes a family support judgment. See General Statutes § 52-350a (13). A family

support judgment is an order for payment of a legal obligation for support or alimony to a spouse or former spouse or child. See General Statutes § 52-350a (7). The relevant statutes are clear and unambiguous, and the court's order for the defendant to repay a loan made by the plaintiff to the defendant during the marriage falls squarely within the definition of a money judgment and outside the definition of a family support judgment.[7]

The plaintiff is not constrained, as argued by the defendant, to seek enforcement of the court's order in this case through postjudgment motions filed in the parties' dissolution action. The fact that a court's ruling is issued during the course of a dissolution proceeding does not automatically make such a ruling a family support judgment. In *Niles* v. *Niles*, 15 Conn. App. 718, 719, 546 A.2d 329 (1988), the parties argued as to whether postjudgment interest could be awarded on the proceeds from the sale of the marital residence. The plaintiff claimed that those proceeds "derived from a family judgment" and, therefore, were not subject to postjudgment procedures. (Internal quotation marks omitted.) Id., 720. The defendant claimed that the order constituted a money judgment. This court held: "It is apparent that an order for the payment of money from the sale of real estate constitutes a 'money judgment' and not a 'family support judgment,' as those terms are defined, despite the judgment's origin in an action on the family docket. One party cannot, at its whim, deprive another of monies due and owing simply by changing the characterization of the obligation owed. While similarities exist between support payments and property settlements, we recognize that each serves a distinct purpose. Support, which is generally modifiable, often serves to satisfy an ongoing obligation, whereas a property settlement constitutes a final resolution of a dispute, and as such, warrants the penalty of interest when satisfaction is not obtained. We therefore conclude that the trial court properly ordered that postjudgment interest be paid." Id., 720–21.

Accordingly, for all of the foregoing reasons, we conclude that the trial court properly determined that it had jurisdiction over the present action to foreclose a judgment lien.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The plaintiff was formerly known as Margaret P. Lombardi.

[2] General Statutes § 52-380a provides in relevant part: "(a) A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate . . . .

"(c) A judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property. . . ."

[3] General Statutes § 52-350a (13), which is in chapter 906 titled "Postjudgment Procedures," defines a money judgment in relevant part as "a judgment, order or decree of the court calling in whole or in part for the payment of

a sum of money, other than a family support judgment. . . .”

[4] General Statutes § 52-350a (7) defines a family support judgment as “a judgment, order or decree of the Superior Court or a family support magistrate for payment of a legal obligation for support or alimony to a spouse, former spouse or child and includes any such order for periodic payments whether issued pendente lite or otherwise.”

[5] A “money judgment” for chapter 906 purposes must be a sum certain. See *Kupersmith* v. *Kupersmith*, 146 Conn. App. 79, 92 n.9, 78 A.3d 860 (2013).

[6] General Statutes § 52-350f provides: “A money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section 52-352a, 52-352b, 52-352d or 52-361a or any other provision of the general statutes or federal law. The money judgment may be enforced, by execution or by foreclosure of a real property lien, to the amount of the money judgment with (1) all statutory costs and fees as provided by the general statutes, (2) interest as provided by chapter 673 on the money judgment and on the costs incurred in obtaining the judgment, and (3) any attorney’s fees allowed pursuant to section 52-400c.”

[7] The defendant relies on two cases to support his argument that a proceeding to foreclose a judgment lien is not available to enforce an order contained in a judgment of dissolution. The first case he cites is *Scott* v. *Scott*, Superior Court, judicial district of New London, Docket No. FA-09-4111226-S (May 7, 2014) (58 Conn. L. Rptr. 172). This court is not bound by the holdings in Superior Court decisions, and, moreover, we do not find that case persuasive.

The second case cited by the defendant is *Kupersmith* v. *Kupersmith*, 146 Conn. App. 79, 78 A.3d 860 (2013). *Kupersmith* is not applicable to the facts of this case. In *Kupersmith*, this court held that a writ of execution was a permissible postjudgment procedure to enforce the monetary terms of a postdissolution stipulation pertaining to a child support arrearage. Id., 86. The defendant claims that *Kupersmith* limits such remedies to child support arrearages only. We did not limit our holding as argued by the defendant, and, furthermore, we allowed the enforcement through chapter 906 postjudgment procedures even though the court-approved stipulation was a family support judgment for a sum certain rather than a money judgment. Id., 92.