VEN NGUYEN ET AL. *v.* JOSEPH DASILVA ET AL.
(4888)

DUPONT, C. J., BORDEN and DALY, Js.

528

Argued March 6—decision released April 21, 1987

*Walter R. Keenan,* with whom was *Dennis J. O'Brien,* for the appellants (plaintiffs).

*David P. Ball,* with whom was *Robert E. Young,* for the appellees (defendants).

DUPONT, C. J. This is an appeal from the denial of the plaintiffs' postjudgment motion for attorney's fees and costs. The underlying action was a tenants' class action against their landlord[1] in which the tenants claimed that the landlord was not providing them with safe, decent and sanitary housing as mandated by General Statutes §§ 47a-4, 47a-5, 47a-7, 47a-57, and that he had engaged in "unfair or deceptive acts" proscribed

[1] The "landlord" referred to, was in fact several persons named individually as well as a named corporate defendant.

by General Statutes §§ 42-110a through 42-110q, the Connecticut Unfair Trade Practices Act (CUTPA). The relief sought included injunctive relief, money damages, punitive damages, attorney's fees, and costs.[2] The sole issue of this appeal is whether the plaintiffs were precluded from obtaining attorney's fees and costs after the rendition of judgment pursuant to a stipulation of the parties modifying the original judgment.

The original judgment was rendered on December 7, 1984, pursuant to a stipulation of the parties. It was agreed upon as a full and final settlement of all claims. The stipulation provided that the landlord would adhere to a schedule of compliance as to all relevant city codes and state statutes, and that the court would retain jurisdiction over the action for the purposes of enforcing the judgment. The judgment was silent as to the requested relief of attorney's fees and costs, although both parties agree that the subject was discussed by them and that the plaintiffs intended to waive attorney's fees. Counsel for the plaintiffs, at oral argument on their postjudgment motion for counsel fees and costs, stated that they had expressly waived counsel fees in connection with the first stipulation and the judgment rendered pursuant to that stipulation.

The tenants, due to the landlord's alleged failure to comply with the stipulated judgment, made a motion for contempt and appointment of a receiver of rents on November 5, 1985. In that motion, the tenants also

___

[2] General Statutes § 42-110g (d) provides: "In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief."

requested that the court order the landlord to pay the costs of the motion, including reasonable attorney's fees. A modification of judgment by stipulation was subsequently agreed to and entered into, with the approval of the court, on December 3, 1985. In that stipulation, it was specifically provided that "the relief requested by the plaintiffs in their Motion for Contempt and Appointment of Receiver of Rents . . . be denied" and that "[e]xcept as modified . . . the stipulated judgment entered December 7, 1984, remains in full force and effect." The plaintiffs shortly thereafter filed their postjudgment motion for attorney's fees and costs, which was denied by the court on December 30, 1985. The court, in denying the motion, stated that it had made clear to the plaintiffs at the time of the rendering of the modification of judgment, that no counsel fees would be awarded.

When liability under CUTPA is established, attorney's fees and costs may be awarded at the discretion of the court and the successful litigant must be given the opportunity at trial to provide evidence to establish a basis for the award.[3] *Barco Auto Leasing Corporation* v. *House,* 202 Conn. 106, 120, 520 A.2d 162 (1987).

In this case, the trial court retained continuing jurisdiction, by the agreement of the parties, over the action and over the enforcement of the judgment. Although attorney's fees were expressly waived at the time the original judgment was rendered, the trial court could have awarded such fees at the time the modification of judgment was rendered. See *Conservation Commission* v. *Price,* 5 Conn. App. 70, 73, 496 A.2d 982 (1985). Furthermore, absent the overriding principles of res

---

[3] In the event of a trial by jury, culminating in a verdict for a plaintiff, General Statutes § 42-110g (d) authorizes a bifurcated proceeding in which the trial court, not the jury, may award attorney's fees. *Gill* v. *Petrazzuoli Bros., Inc.,* 10 Conn. App. 22, 29–35, 521 A.2d 212 (1987).

judicata, attorney's fees could have been properly sought by a postjudgment motion which did not seek to alter or amend the original or modified judgment. See 42 U.S.C. § 1988; *White* v. *New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982); *Maher* v. *Gagne,* 448 U.S. 122, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980).

The issue of this case is not, however, whether attorney's fees and costs could be awarded within the discretion of the trial court, pursuant to a postjudgment motion for them, but, rather, whether the principles of res judicata precluded the plaintiffs from obtaining fees and costs after the rendition of a modified judgment pursuant to the stipulation of the parties for a modification of the original judgment.

Agreements to settle actions which seek to vindicate the public good may include in their terms the agreement to pay attorney's fees. *Evans* v. *Jeff D.,* 475 U.S. 717, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986); see *Ashley* v. *Atlantic Richfield Co.,* 794 F.2d 128, 139 and n.20 (3d Cir. 1986); cf. *Folsom* v. *Butte County Assn. of Governments,* 32 Cal. 3d 668, 186 Cal. Rptr. 589, 652 P.2d 437 (1982). The record before us clearly indicates that the relief requested by the plaintiffs in their motion for contempt included a claim for attorney's fees and costs. The modified stipulated judgment subsequently agreed to by the parties expressly denied all the relief requested by the tenants in that motion. "Although a consent judgment is a contract, rather than an adjudication on the merits; *Owsiejko* v. *American Hardware Corporation,* 137 Conn. 185, 187-88, 75 A.2d 404 (1950); such a judgment is as conclusive as if it had been rendered upon controverted facts. *Bryan* v. *Reynolds,* 143 Conn. 456, 460–61, 123 A.2d 192 (1956)." *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 558, 468 A.2d 1230 (1983). The stipulated modified judgment in this case presumably settled the contro-

versy between the parties "including all issues raised by the papers comprising the record." *Gagne* v. *Norton,* 189 Conn. 29, 34, 453 A.2d 1162 (1983). A final judgment rendered by agreement or after adjudication on the merits is res judicata as to any claims of the parties relating to the cause of action which were made or which might have been made, and precludes the subsequent assertion of such claims because those claims are merged in the judgment and extinguished. Id.

There is evidence on the record to indicate that the request for attorney's fees was effectively settled by the modified stipulated judgment. "If the judgment did not conform to the stipulation on which it was purportedly based, the [plaintiffs'] remedy was by motion to the trial court to correct the judgment." *William G. Major Construction Co.* v. *DeMicheley,* 166 Conn. 368, 375, 349 A.2d 827 (1974).

There is no error.

In this opinion the other judges concurred.