ANN HERNANDEZ ET AL. *v.* MONTEREY VILLAGE
ASSOCIATES LIMITED PARTNERSHIP
(8903)

DALY, NORCOTT and LAVERY, Js.

Argued February 13—decision released April 30, 1991

*Dennis J. O'Brien,* with whom were *Richard Tene-baum* and, on the brief, *Charles Pirro,* for the appellants (plaintiffs).

DALY, J. The plaintiffs, three tenants residing in Monterey Village, an apartment complex in Norwalk, brought a class action under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §§ 42-110a through 42-110q, on behalf of some 150 tenant families residing at the complex. In their complaint, the plaintiffs alleged that the defendant owner and operator of the complex was attempting to evict them and members of their class by initiating more than twenty summary process actions on the basis of nonpayment of rent and termination of lease by lapse of time, in violation of state and local law, the United

States Housing Act of 1937, and an agreement between the defendant and the housing authority of the city of Norwalk entered into pursuant to § 8 of the Moderate Rehabilitation Housing Assistance Payments Program, 42 U.S.C. § 1437f (e) (2). The trial court rendered judgment in accordance with a stipulation entered into by the parties on June 30, 1988.

Subsequently, the plaintiffs filed motions for attorney's fees and costs, relying on General Statutes § 42-110g (d).[1] The trial court denied the motions, holding that the plaintiffs were not entitled to an award of attorney's fees because there was neither a contractual nor a statutory authorization for such an award. The court found that there was no contractual authorization for the award because the parties' stipulation did not evince any agreement by the defendant to pay the plaintiffs' attorney's fees.[2] The court then found that there was no statutory authorization for the award because a judgment on the merits following litigation of the issues is a necessary predicate to a court's award of attorney's fees pursuant to General Statutes § 42-110g (d), and in this case there was only a stipulated judgment.

In *Hernandez* v. *Monterey Village Associates Limited Partnership*, 17 Conn. App. 421, 426, 553 A.2d 617

---

[1] General Statutes § 42-110g (d) provides in pertinent part: "In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of the recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees."

[2] In *Ven Nguyen* v. *DaSilva*, 10 Conn. App. 527, 523 A.2d 1369 (1987), the plaintiffs stipulated that their agreement was a full and final settlement of all claims, and expressly waived any claim for counsel fees. The stipulation of the plaintiffs in the present case neither contained any such agreement nor was there any waiver as in *Ven Nguyen*.

(1989) (*Hernandez I*), this court stated that, in the absence of some clear expression of legislative intent to the contrary, General Statutes § 42-110g (d) should not be interpreted to preclude plaintiffs who act in accord with the public interest by settling their cases from obtaining attorney's fees and costs. Our conclusion that the trial court incorrectly interpreted General Statutes § 42-110g (d) did not, however, necessarily entitle the plaintiffs to attorney's fees and costs. That determination was entrusted to the sound discretion of the trial court, and we remanded the case for further proceedings to determine whether the plaintiffs should receive attorney's fees and costs and, if so, what amount they should receive.

An examination of the record indicates that, on remand, the trial court failed to conduct a hearing and to receive evidence to determine whether the plaintiffs were entitled to receive attorney's fees and costs under General Statutes § 42-110g (d). Instead, the trial court denied relief because there was no contractual authorization in the settlement agreement without the required evidentiary hearing. For purposes of General Statutes § 42-110g (d), the plaintiffs are entitled to an evidentiary hearing regarding attorney's fees and costs.

The judgment denying the motion for attorney's fees and costs is reversed and the case is remanded to the trial court to conduct an evidentiary hearing to determine whether the plaintiffs should receive attorney's fees and costs and, if so, what amount they should receive.[3]

In this opinion the other judges concurred.

---

[3] *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), sets forth the factors to be considered by the trial court if it determines that the plaintiffs are entitled to attorney's fees and costs.