[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are former tenants of the defendants who bring this action seeking judgment for twice the value of their security deposit, certain other damages and attorneys' fees. The defendants deny that plaintiffs are entitled to the return of their security deposit and have counterclaimed for the cost of certain repairs and for use and occupancy for holding over after expiration of the lease.
On July 28, 1988, the parties signed a written one-year lease for the rental by the plaintiffs of a single — family home owned by the defendants. The plaintiffs gave the defendants $1600. as a CT Page 4051 security deposit and the defendants failed to return any portion of the security deposit after the plaintiffs vacated.
The defendants contend that they retained the security deposit because the plaintiffs damaged the premises defendants further contend that the cost of repairing the damage exceeded the amount of the security deposit and they seek judgment for the additional costs. The court finds that the defendants have improperly failed to return the plaintiffs' security deposit and that they are not entitled to any damages on the counterclaim.
The defendants' first claim is that the plaintiffs are liable for the cost of painting and re-painting the premises in October, 1989, at a total cost of $1050. (The plaintiffs vacated at the end of July and a new tenant moved in on September 1.) The defendants claim to have paid employees of theirs to paint the premises because of odors in the premises caused by the plaintiffs' pets. However, the defendants failed to produce any receipts, cancelled checks or other written evidence to document these payments. Moreover, they failed to persuade the court that any painting was made necessary by the plaintiffs' neglect or abuse of the premises.
The defendants also claim that the plaintiffs are liable for the cost of cleaning the carpeting at the premises, again in October, 1989. Although in this instance the defendants did have a receipt for the expense, they once again failed to persuade the court that the cleaning was made necessary by the plaintiffs' neglect or abuse of the premises.
The defendants next claim that the plaintiffs are liable for a plumbing repair costing $135. to unclog a bathtub drain. The defendants offered neither a cancelled check nor a receipt or bill for this repair. Nor did the defendants establish that this repair was attributable to any neglect or abuse by the plaintiffs. The plaintiffs testified that they had trouble with the drain from the beginning of their tenancy, but the defendants failed to make the repair despite notice of the problem. In this instance and on virtually every other disputed issue, the court finds the plaintiffs' testimony quite credible, unlike that of the defendants.
The defendants' last claim is that the plaintiffs are liable for $1200. to repair the driveway at the premises. The contractor who prepared the estimate for the work admitted that the work would provide the defendants with "essentially a new driveway." The defendants claim that the plaintiffs are liable for this repair because of oil spots on the driveway.
The court credits the testimony of the plaintiff Richard CT Page 4052 Collazo, who testified that when the plaintiffs moved out, the defendant Mrs. Dias asked him to clean the driveway and that he did so using a chemical designed to remove oil from asphalt. He testified that Mrs. Dias initially approved the results of the cleaning after it was done. Both parties admitted that the driveway was "not perfect" when the plaintiffs moved in. The court finds that whatever stains remained after the cleaning were the result of normal wear and tear.
The plaintiffs are entitled to the return of the full amount of their security deposit, $1600. They seek judgment for twice the value of the security deposit pursuant to Conn. Gen. Stat.47a-21(d)(2) and the court finds they are entitled to judgment in the amount of $3200.
Before the plaintiffs vacated, they received a letter from Attorney Gouveia dated June 28, 1989, advising that he represented the defendants and that they wanted the plaintiffs to vacate on August 1, the expiration of the lease. On September 5, the plaintiffs' attorney wrote to Attorney Gouveia requesting the return of the security deposit "to my clients at this office." (emphasis added). This request satisfied the statutory requirement that the tenant provide the landlord with a forwarding address. Conn. Gen. Stat. 47a-21(d)(2). The plaintiffs argue otherwise, but their argument has no merit. Attorney Gouveia identified himself as the defendants' attorney in his letter of June 28 and Mrs. Dias testified that the defendants have not used any lawyers other than Gouveia.
The landlords' agent was aware on or about September 5, 1989 of the plaintiffs' forwarding address, which was their attorneys' office. Despite such knowledge, the defendants neither refunded the full amount of the deposit nor did they provide a written itemization of the damages claimed. Under Conn. Gen. Stat.47a-21(d)(2), the landlord must take one action or the other. Otherwise, the landlord "shall be liable for twice the value of any security deposit paid by such tenant."
The plaintiffs also seek judgment for the value of fuel oil which they left at the premises. The outdoor, operating fuel oil tank at the premises contained $128.10 worth of oil when the plaintiffs vacated. The defendants and their tenant have had the use and benefit of that oil and the defendants are liable for $128.10. The plaintiffs also seek judgment for fuel oil mistakenly pumped into a disconnected, indoor fuel oil tank. The defendants have not used that oil and are willing to have the plaintiffs pump it out. The fuel delivery was made by an oil company at the request of the plaintiffs. The defendants had no obligation or involvement with respect to the delivery and are not liable for the value of the oil remaining in the disconnected CT Page 4053 tank.
The plaintiffs' final claim is for damages caused by the defendants' dog, who admittedly runs free and is not tied. The court finds that the defendants are liable for $293.00, the value of plaintiffs' clothing and other items destroyed by the defendants' dog.
The defendants seek judgment in the second count of their counterclaim for rent or use and occupancy for the month of August, claiming that the plaintiffs retained possession of the premises through the month of August. This claim is without merit. After the plaintiffs vacated, Mrs. Dias inspected the premises and told Mr. Collazo of the need for three repairs: the replacement of a pane of glass, the replacement of a kitchen counter, and the cleaning of the driveway. Mr. Collazo agreed to do the work and promptly began to do so. The countertop had to be specially made so there was an approximate two week delay. All three repairs were done by approximately August 18.
The defendants are not entitled to rent or use and occupancy for August. The plaintiffs vacated at the end of the lease term in July and were not in possession of the premises during August. The making of repairs by Mr. Collazo during August does not constitute a holdover. The defendants permitted Mr. Collazo to make the repairs, rather than undertaking the repairs themselves, and the making of the repairs did not deprive the defendants of possession of the premises or of the right to re-let the premises.
Judgment is entered for the plaintiffs for $3,621.10 damages plus interest. In light of the offer of judgment made on October 19, 1990 and the statutory interest on security deposits, counsel for the parties are ordered to file their respective calculations of the interest due within two weeks of the filing of this decision so the court may enter a supplemental judgment with respect to the actual amount of interest awarded.
The last claim to be decided is the plaintiffs' claim for attorney's fees under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. 42-110a et seq. The plaintiffs claim that the defendants' failure to return the security deposit constitutes a violation of CUTPA and they seek an award of $6956.00 in attorneys' fees pursuant to Conn. Gen. Stat.42-110g(d). The court has found that the defendants violated the security deposit statute, which constitutes a violation of public policy. The plaintiffs have suffered an "ascertainable loss," the failure of the defendants to return their deposit. Conn. Gen. Stat. 42-110g(a). The court finds that the plaintiffs are entitled to an award of attorneys' fees under CUTPA. CT Page 4054
With respect to the amount to be awarded, Conn. Gen. Stat.42-110g(d) provides that the court may award reasonable attorneys' fees "based on the work reasonably performed by an attorney and not on the amount of recovery." The Appellate Court has recently indicated that Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974) sets forth the factors to be considered by the trial court to determine the amount of attorneys' fees to be awarded under CUTPA. Hernandez v. Monterey Village Associates Limited Partnership, 24 Conn. App. 514, 517, n. 1 (1991). Because the plaintiffs' submission with respect to attorneys' fees fails to address many of these factors, the court directs the clerk to schedule a further hearing limited to the issue of the amount of attorneys' fees to be awarded.
VERTEFEUILLE, J.