[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON APPLICATION FOR ATTORNEY'S FEES
The plaintiff commenced this action 1988 against Henry W. Holbrook, Miguelina Diaz Brizes, David Gamer, Steven Henry and RTI Business Systems, Inc., for theft of trade secrets, conversion, libel, theft, unfair trade practices and other causes of action set forth in a ten count complaint. On April 7, 1993 after a five week trial the jury found liability on all counts of the complaint and awarded the plaintiff damages as follows: $136,000 against defendant RTI Business Systems, Inc., $131,500 against defendant Holbrook, $48,000 against defendant Brizes, $24,500 against defendant Gamer and $500 against defendant Henry.
The plaintiff is seeking $221,636.25 in legal fees. It is entitled to recover legal fees pursuant to Connecticut General Statutes42-110g(d), a portion of the Connecticut Unfair Trade Practices Act (CUTPA) and 35-53(b), part of Connecticut's Uniform Trade Secrets Act.
Section 42-110g(d) provides in relevant part:
 In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys fees based on the work reasonably performed by an attorney and not on the amount of recovery.
"General Statutes 42-110b states the intention of the legislature that CUTPA `be remedial and be so construed.'" Herandez v. Monterey Village Associates Limited Partnership, 17 Conn. App. 421, 426,553 A.2d 617 (1989) (Hernandez I). The Connecticut Supreme Court stated in Hinchcliffe v. Americare Motors Corporation, 184 Conn. 607, 617,440 A.2d 810 (1981), "[t]he plaintiff who establishes CUTPA liability has access to a remedy far more comprehensive than the simple damages recoverable under common law. The ability to recover both attorneys fees . . . and punitive damages . . . enhances the private CUTPA remedy and serves to encourage private CUTPA litigation." Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 64,578 A.2d 1054 (1990).
The policy underlying CUTPA CT Page 6711-DD
 is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices. Gill v. Petrazzuoli Bros., Inc., 10 Conn. App. 22, 33, 521 A.2d 21 (1987). To effectuate that policy, the legislature encourages attorneys to accept and litigate CUTPA cases by providing, in General Statutes 42-110g(d), for awards of attorneys fees and costs. Gill v. Petrazzuoli Bros., Inc., supra.
Hernandez I, supra, 425; Freeman v. Alamo Management Co.,24 Conn. App. 124, 133, 56 A.2d 613 (1991), rev'd on other grounds, 221 Conn. 674, 607 A.2d 370 (1992). However, "a CUTPA claim should not be alleged as a vehicle to obtain attorneys fees." Economic Development Associates v. Cititrust,3 Conn. L. Rptr. 403, 406 (March 27, 1991, Dranginis, J.). Before such fees and damages are awarded, the moving party must prevail on the CUTPA cause of action. Vezina v. Nautilus Pools, Inc.,27 Conn. App. 810, 231, 610 A.2d 1312 (1992).
"The determination of whether the plaintiffs should receive attorneys fees and costs is entrusted to the sound discretion of the trial court." Hernandez I, supra, 426, citing General Statutes42-110g(d); Gargano v. Heyman, 203 Conn. 616, 622,525 A.2d 1343 (1987); Chrysler Corporation v. Maiocco, 209 Conn. 579,590, 552 A.2d 1207 (1989). "In the event of a trial by jury, culminating in a verdict for a plaintiff, General Statutes 42-110g(d) authorizes a bifurcated proceeding in which the trial court, not the jury, may award attorney's fees." (Citation omitted.) Ven Nguyen v. DaSilva, 10 Conn. App. 527, 530 n. 3, 523 A.2d 1369, appeal denied, 204 Conn. 803, 528 A.2d 1151 (1987).
A prevailing plaintiff must be given an opportunity to provide evidence to satisfy the "undisputed requirement that the reasonableness of attorney's fees and costs must be proven by an appropriate evidentiary showing." Barco Auto Leasing Corporation v. House, 202 Conn. 106, 121, 520 A.2d 162 (1987), quoting Hartford Electric Light Co. v. Tucker, 183 Conn. 85, 91,438 A.2d 828, cert. denied, 454 U.S. 837, 102 S.Ct. 143, 70 L.Ed.2d 118
(1981); see also Hernandez v. Monterey Village Associates Limited Partnership, 24 Conn. App. 514, 517, 589 A.2d 888 (1991) (Hernandez II).
portion of the Connecticut Uniform Securities Act. The plaintiff prevailed at trial on three of the five counts of the complaint, including the count which alleged a violation of 36-498. The CT Page 6711-EE defendants demanded that the trial court reduce the attorneys' fee claim by two-fifths. The Supreme Court upheld the trial court's award of the entire amount of attorneys' fees and stated:
 Because the amount he expended on litigation, including the dollars spent on his unsuccessful claims, were devoted to the pursuit of a goal that he achieved, the trial court permissibly rejected the defendants' demand that it reduce the award by two-fifths. Id. at 195.
Under the rationale of Russell v. Dean Witter Reynolds, Inc., supra, the plaintiff, who prevailed on all of its claims at trial should not suffer a reduction in the amount of attorneys' fees it reasonably incurred just because some of those claims were not for a violation of CUTPA or of the uniform Trade Secrets Act. The court finds that the causes of action for violation of CUTPA and the Uniform Trade Secrets Act constituted a major part of the entire litigation and were not brought merely as a vehicle by which to recover attorneys' fees. All of the conduct of the defendants alleged in the complaint and proved by the plaintiff could be characterized as unfair or deceptive within the meaning of42-110b. Thus, all of the fees reasonably incurred by the plaintiff were related to the prosecution of the CUTPA cause of action. An award of such fees effectuates the policy of encouraging private litigation to enforce CUTPA. See Gill v. Petrazzuoli Bros., Inc., supra. The court further finds that the amount of attorneys' fees reasonably incurred by the plaintiff was $175,000 and awards that amount pro rata against the defendants based on the proportion which the amount of damages awarded by the jury against each defendant bears to the total amount of damages as follows:
RTI Business Systems, Inc. $69,825
Holbrook $67,550
Brizer $24,675
Gamer $12,600
Henry $350
TOTAL $175,000 CT Page 6711-FF