DENNIS STEIGER ET AL. *v.* J. S. BUILDERS,
INC., ET AL.
(13514)

O'Connell, Landau and Schaller, Js.

Submitted on briefs April 21—decision released August 29, 1995

*Paul M. Geraghty* filed a brief for the appellants (plaintiffs).

*Nicholas J. Gorra* filed a brief for the appellee (named defendant).

LANDAU, J. The plaintiffs, Dennis Steiger and Carol Steiger, appeal from the judgment of the trial court, rendered after a bench trial, in their favor. They claim that (1) the trial court's award of damages is against the weight of evidence and contrary to law, and (2) the trial court applied the incorrect standard in calculating the award of attorney's fees pursuant to the contract and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. We reverse the judgment in part.

This matter pertains to a contract entered into by the plaintiffs for the purchase of land and construction of a house. In September, 1987, the plaintiffs filed an eleven count complaint against J. S. Builders, Inc., Blue Spruce Developers, Inc., Tradewind Developers, Inc., John I. Slezak, Louisette Slezak and Susan Moreau. In their complaint, the plaintiffs alleged breach of contract, breach of warranties and a violation of CUTPA and asked the court, inter alia, to pierce the corporate veil and to award damages and attorney's fees pursuant to CUTPA.

Subsequently, the trial court entered defaults against each defendant. The court conducted a hearing in damages, at the conclusion of which it found the defendants to be liable for damages suffered by the plaintiffs in the amount of $26,142.83. The court also found that John I. Slezak had violated CUTPA and awarded $7500 in attorney's fees.[1]

---

[1] See footnote 2.

## I

The plaintiffs' first claim, although partially couched in a challenge to the trial court's conclusions of law, is no more than an attack on the factual findings of the court. They argue that the evidence presented at the hearing overwhelmingly established that the award of damages should have been greater.

"Our role in reviewing an appeal based on the sufficiency of the evidence is well defined. Where the claim is that the evidence produced did not satisfy the burden of proof factually, the duty of an appellate court is well established. An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . . Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous in law. . . . It is, however, not our function to retry the case or to pass upon the credibility of witnesses. . . . *Kelman* v. *McDonald*, 24 Conn. App. 398, 400–401, 588 A.2d 667 (1991). *Naughton* v. *Hager*, 29 Conn. App. 181, 184–85, 614 A.2d 852, cert. denied, 224 Conn. 920, 618 A.2d 527 (1992)." (Internal quotation marks omitted.) *Clement* v. *Clement*, 34 Conn. App. 641, 650, 643 A.2d 874 (1994). " 'Where there is conflicting evidence, as claimed by the [plaintiffs], we do not retry the facts or pass on the credibility of the witnesses.' " *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.*, 190 Conn. 371, 404, 461 A.2d 422 (1983). The probative force of conflicting evidence is for the trier to determine. *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 257, 524 A.2d 610 (1987). "In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight

to be given specific testimony." *Kimberly-Clark Corp.* v. *Dubno*, 204 Conn. 137, 153, 527 A.2d 679 (1987).

The trial court was presented with conflicting evidence in the form of various expert testimony as to the resultant cost of remedying the construction defects. The court heard the witnesses, judged their credibility and, in its memorandum of decision, set out a full and thorough finding of facts, upon which it based its award of damages. After a careful review of the whole record, we are satisfied that the trial court had sufficient evidence to support its factual findings and, therefore, was not clearly erroneous in its determination of damages.

## II

The plaintiffs next claim that the trial court applied the wrong standard in calculating the award of attorney's fees pursuant to both the contract and CUTPA.[2] We agree.

In its memorandum of decision, the trial court found that "the conduct of the defendant John Slezak clearly was contrary to public policy and was deceptive re: using an unlicensed plumber and that CUTPA has been violated. The plaintiffs' claim for attorney's fees against the corporate and individual defendants Slezak and Moreau was for $22,000 plus costs. On the basis of the cases noted above [*Hernandez* v. *Monterey Village Associates Ltd. Partnership*, 24 Conn. App. 514, 517 n.3, 589 A.2d 888 (1991), and *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)], this is clearly not warranted and would equal the damages the court is allowing [$26,142.83]. *There must be some reasonable relationship to the end result and the attorney's fees.*

---

[2] Because our ruling under CUTPA principles is dispositive, we need not consider the plaintiffs' claim pursuant to contract theory.

The court allows $7500 for attorney's fees as against these defendants."[3] (Emphasis added.)

The trial court has discretion whether to award attorney's fees under CUTPA and " 'the exercise of such discretion will not ordinarily be interfered with on appeal unless the abuse is manifest or injustice appears to have been done.' " *Nielsen* v. *Wisniewski*, 32 Conn. App. 133, 138, 628 A.2d 25 (1993), quoting *Gargano* v. *Heyman*, 203 Conn. 616, 622, 525 A.2d 1343 (1987); see General Statutes § 42-110g.[4] The issue here, however, is not whether attorney's fees and costs could be or should

---

[3] The trial court's finding that John Slezak violated CUTPA raises an issue as to the court's scope of authority at the hearing in damages. In this case, the court entered defaults as to each defendant, causing the case to proceed to a hearing in damages. Subsequent to the defaults, which were never opened, the defendants did not provide written notice of their intent to contradict the allegations in the complaint pursuant to Practice Book § 367. Section 367 provides in part that "[i]n any hearing in damages upon default suffered . . . the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict . . . ." In the absence of such notice, "[a] default in an action for legal and equitable relief admits the material facts constituting a cause of action." (Internal quotation marks omitted.) *Travelers Indemnity Co.* v. *Rubin*, 209 Conn. 437, 445, 551 A.2d 1220 (1988). Thus, because of the defaults, the defendants admitted the plaintiffs' allegation that all the defendants had violated CUTPA. Nonetheless, the trial court found that only John Slezak was liable under CUTPA. Although the court was incorrect in limiting its finding of a CUTPA violation, after determining that attorney's fees should be permitted, it correctly assessed the amount against all the defendants. A "judgment will be affirmed, though based on erroneous grounds, if the same result is required by law." (Internal quotation marks omitted.) *Smith* v. *Zoning Board of Appeals*, 227 Conn. 71, 88, 629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1190, 127 L. Ed. 2d 540 (1994).

[4] General Statutes § 42-110g provides in pertinent part: "(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. . . . The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper. . . .

have been awarded within the discretion of the trial court, but rather, whether the court applied the correct standard in setting the amount of attorney's fees. After determining that John Slezak had violated CUTPA, the trial court found evidence of attorney's fees against "the corporate and individual defendants Slezak and Moreau" in the amount of $22,000 plus costs. It awarded only $7500, however, clearly disallowing the remainder on the rationale that the larger award "would equal the damages the court is allowing" and that "[t]here must be some reasonable relationship to the end result and the attorney's fees." In support of this rationale, the court cited *Hernandez* v. *Monterey Village Associates Ltd. Partnership*, supra, 24 Conn. App. 517 n.3.

*Hernandez* involved a class action brought under CUTPA, in which the plaintiff tenants alleged that the defendant owner and operator of an apartment complex was attempting to evict members of the class in violation of state and local law, the United States Housing Act of 1937, and an agreement between the defendant and the housing authority of the city of Norwalk pursuant to § 8, of the Moderate Rehabilitation Housing Assistance Payments Program, 42 U.S.C. § 1437f (e) (2). Id., 515–16. After the trial court rendered judgment in accordance with a stipulation, the plaintiffs filed a motion for attorney's fees and costs pursuant to § 42-110g (d). Id., 516. We concluded that the trial court had improperly denied the motion and remanded the case for an evidentiary hearing to determine whether the plaintiffs should receive attorney's fees and costs and, if so, what amount they should receive. Id., 517. We then noted that "*Johnson* v. *Georgia Highway Express, Inc.*, supra, 488 F.2d

"(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . ."

717–19, sets forth the factors to be considered by the trial court if it determines that the plaintiffs are entitled to attorney's fees and costs." Id., 517 n.3.

In *Johnson* v. *Georgia Highway Express, Inc.*, supra, 488 F.2d 715, the question before the Fifth Circuit Court of Appeals concerned the adequacy of attorney's fees awarded by the District Court in an " 'across-the-board' action to remedy employment discrimination" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Circuit Court of Appeals set out twelve guidelines for the District Court to consider on remand in setting reasonable attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent;[5] (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson* v. *Georgia Highway Express, Inc.*, supra, 717–19.

As under CUTPA, a District Court has discretion under Title VII to award the prevailing party reasonable attorney's fees. 42 U.S.C. § 2000e-5 (k). Mindful that the purpose of Title VII "is to effectuate the congressional policy against racial discrimination"; *Johnson* v. *Georgia Highway Express, Inc.*, supra, 488 F.2d 716; the Court of Appeals in *Johnson* noted that the guidelines are an attempt "to enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available

---

[5] But see *Clark* v. *American Marine Corp.*, 320 F. Sup. 709, 711 (E.D. La. 1970), aff'd, 437 F.2d 959 (5th Cir. 1971).

to their opposition and to fairly place the economical burden of Title VII litigation." Id., 719.[6]

The guidelines set forth in *Johnson* for calculating reasonable attorney's fees are appropriate in CUTPA litigation because, similar to Title VII, "CUTPA seeks to create a climate in which private litigants help to enforce the ban on unfair or deceptive trade practices or acts." *Hinchliffe* v. *American Motors Corp.*, 184 Conn. 607, 618, 440 A.2d 810 (1981). Our review of whether the trial court correctly applied the guidelines and set a reasonable award of attorney's fees is limited to a consideration of whether the court abused its discretion. *Johnson* v. *Georgia Highway Express, Inc.*, supra, 488 F.2d 717.

In this case, the trial court focused on only one of the twelve enunciated guidelines—the reasonableness of the relationship between the award of attorney's fees and the award of damages. We conclude that the trial court abused its discretion in seizing from the full panoply merely one guideline, to the exclusion and disregard of the others. To interpret the attorney's fees provision of CUTPA so narrowly would render insignificant the legislative intent—it would neither enhance the private CUTPA remedy, nor serve to encourage private CUTPA litigation. See *Hinchliffe* v. *American Motors Corp.*, supra, 184 Conn. 617.

The judgment is reversed only as to the award of attorney's fees and costs and the case is remanded for a hearing to determine, consistent with this opinion, the amount of attorney's fees and costs that the plaintiffs may recover.[7]

In this opinion the other judges concurred.

---

[6] The Court of Appeals in *Johnson* also noted that, in applying the guidelines, the goal of enabling Title VII litigants to afford competent counsel should be balanced against the caveat that courts do not have a mandate under Title VII to make the prevailing counsel rich. *Johnson* v. *Georgia Highway Express, Inc.*, supra, 488 F.2d 717.

[7] In remanding this case, we express no observation as to the correctness of the original amount awarded.