[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
Plaintiff P.D.F. Construction Co., Inc. (hereinafter "PDF") brought a complaint against defendants Reliance National Indemnity Company (hereinafter "Reliance") and Pettini Contracting Corporation (hereinafter "Pettini), with a return date of November 7, 1995. Defendants made their (Amended) Counterclaim by pleading dated March 22, 1996. PDF raised one special defense on April 30, 1996, to which defendants replied on May 22, 1996. The pleadings were thus closed, and the case was claimed to the trial list.
Pettini and PDF entered into an agreement whereby PDF was to furnish and install the granite curbing for the Thames Street/Latham Street Renovation project. Pettini was the general CT Page 5630 contractor for the entire project and hired PDF to do the curbing.
PDF began work at the site on October 10, 1994, and claimed to have completed it by October 20, 1994. It sent a bill to Pettini in the amount of $23,116.00 on October 21, 1994. On October 28, 1994, Pettini received payment from the City of Groton for the work done by PDF. On November 8, 1994, Pettini signed a statement saying that "all amounts have been paid by him for work for which previous certificates of payment were issued and payments received from the owner."
PDF claims that its president, Linda Ferreiro, called and wrote to Pettrini many times from December, 1994 until March, 1995 to demand payment. On May 16, 1995, Pettrini wrote to PDF and offered to pay $21,641.50. He claimed to be due a credit for $2,947.50 for granite Pettrini obtained when PDF could not get it and $345.00 for repairing incomplete work by PDF. By further letter dated June 27, 1995, Reliance agreed to pay the undisputed amount in full $21,641.50 and negotiate the balance. Linda Ferreiro refused to negotiate.
Pettrini claims PDF failed to complete the work and he had to complete it in the April — May period of 1995. He also claims payment could not be made because PDF failed to complete forms required by the City until May 16, 1995. PDF's response to Pettini's letter could have excepted to the additional $1,474.50 it claimed. If interest is due it is either from November, 1994 when PDF claims the work was completed, or May 16, 1995 when Pettini claims it was, at ten percent per annum in accordance with C.G.S. § 37-3a, at most for six months or $1,100 (one percent per month on $21,641.50 for six months).
However, the court finds that since the forms were not completed by PDF until May, 1995, and Pettini had to complete work left undone by PDF in April and May of 1995, there is no interest due on the unpaid amount of $1,474.50.
PDF claims that Pettini was paid in full and failed to pay PDF within thirty days as required by C.G.S. § 49-41a(b). Pettini was paid most of the money due on the entire contract in 1994 but not all of it. The balance was not paid until the spring of 1996, after PDF was paid. The court finds Pettini did not violate the above statute. Accordingly, PDF is not entitled to attorney's fees. CT Page 5631
PDF refused to discuss the amount in dispute according to the testimony of Linda Ferreiro. The defendants tried to resolve the matter and pay PDF as early as May, 1995. PDF refused to accept $21,641.50 and discuss the disputed $1,474.50 over a period of months.
The plaintiff claims a violation of CUTPA by the defendants under C.G.S. § 42-110b(a). The court finds no such violation. Plaintiff also claims a CUTPA violation because defendants violated C.G.S. §§ 49-41a and 49-42. The court has already found no such violation.
The plaintiff claims attorneys fees under CUTPA in the amount of $25,000. The amount in dispute was only $1,474.50, an amount within the jurisdiction of the Small Claims Court. Even if the plaintiff was entitled to legal fees, under Steiger v. J.S.Builders, Inc., 39 Conn. App. 32, 39 (1995) one of the factors to be considered is "the amount involved and the results obtained."
Here a reasonable fee would have been the cost of bringing a small claims action to recover $1,474.50.
Furthermore, the plaintiff had a duty to mitigate its damages not increase them. The court finds that PDF's claim for attorney's fees to be a violation of Rule 1.5 of the Rules For Professional Conduct. The rule requires that "A lawyer's fee shall be reasonable."
In this case, Pettini claims a credit due to him for purchasing curbing and installing it, of $2,947.50 plus $345.00. This more than offsets the plaintiff's claim of $1,474.50. The court finds the offer of payment was not late as claimed by the plaintiff. PDF acted unreasonably in refusing to mitigate or negotiate its damages. The court finds that Pettini has established the accuracy of the amount it offered to pay and did pay. The court finds that PDF is entitled to no damages.
The court leaves the parties as it found them.
Judgment for the defendant on the complaint and judgment for the plaintiff on the defendant's counterclaim.
D. Michael Hurley Judge Trial Referee CT Page 5632