[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
The plaintiff moves that an order of contempt be entered against the defendants for failure to comply with the order of the court, Stodolink J. of February 21, 1997. That order stated as follows: "[T]he defendants, Mitchel J. O'Hara, Jr.; Ruth Lois O'Hara; Mitchel J. O'Hara, Sr.; O'Hara O'Hara; and O'Hara Marine, Inc., d/b/a Candlewood East Marina Club, and their servants, agents and employees, are hereby temporarily enjoined from storing boats, trailers and dock components on any portion of the premises of the plaintiff, Connecticut Light Power, ("CLP") located between the "440 line" and the then existing highwater mark of Lake Candlewood for the months of November through March, inclusive, of each year starting May 1, 1997."
On November 18, 1997, the plaintiff filed an application to show cause alleging that the defendants violated the court order because they stored boats and dock components on the plaintiff's property as of November 1, 1997. On December 8, 1997, this court heard testimony from Robert E. Head, land management administrator and senior analyst for CLP, Mitchel J. O'Hara, Sr. and Mitchel J. O'Hara, Jr. In deciding the motion for contempt, this court will not repeat the factual findings of the court in granting the plaintiff's request for a temporary injunction except as they may have a bearing on this court's decision.
The defendants operate a marina on their property abutting the "440 line" on Candlewood Lake. During the months of November CT Page 3763 through March, they provide storage for their customers' boats and store their own dock components. This litigation arises because they have historically done so using the plaintiff's land. Although they charge their customers storage fees, they do not pay the plaintiff any fees for the storage of the customers' boats. The plaintiff claims such storage is not among the permitted uses pursuant to rights deeded the defendants or their predecessors in title. The plaintiff filed this motion for contempt because the dock components and boats remained on the plaintiff's property for several days in November despite the court's order of February 21, 1997.
This court finds the following facts. On November 3, November 10 and November 19, Head observed more than 20 boats and some dock components stored below the "440 line." The boats were on trailers and covered with shrink wrap or with a boat covering in the same manner as boats had been prepared for winter storage by the defendants in prior years. In addition, manner as boats had been prepared for winter storage by the defendants in prior years. In addition, there were dock components which remained on the property below the "440 line."
The defendants argue that they did not intend to "store" the boats and dock components for the winter and that they are, therefore, not in violation of the court order.
They assert that the boats were in the process of being moved from the water to their property above the "440 line." Further, the defendants claim that the dock components present on the plaintiff's land had been removed from the water throughout the summer and were awaiting destruction. The defendants' position is that none of these items covered by Judge Stodolink's order were being stored because they were intended to be moved to the defendants' property above the "440 line."
The defendants were enjoined from "storing." Among the definitions of the verb "to store" in Webster's Third New International Dictionary is the following: "to leave or deposit in a store, warehouse, or other place for keeping, preservation or disposal. . . ." There is no requirement that one have an "intent" to store.
The boats the defendants left on the plaintiff's property as of November 1 were either to be stored the defendants' property above the "440 line" or were to be picked up by the defendants' CT Page 3764 customers and therefore, disposed of in one way or the other. Therefore, the court finds that they were being stored on the plaintiff's property as of November 1.
The defendants were not diligent in their efforts to arrange to have the boats removed. During the eight months prior to the effective date of the court order, the defendants failed to take steps to insure that the boats could be removed by November 1 or to plan how to best utilize their space in order to comply with the court order of February 21. For instance, the defendants waited until August to apply to the Brookfield zoning authority in order to obtain a permit to put up racks. The delay in obtaining the permit because of the amount of time needed for the town to investigate the application was not anticipated by the defendants. Further, the court finds that the defendants failed to timely notify their customers that the boats had to be removed. Although the removal of the boats entailed hooking up a truck to a trailer and towing them approximately 100 feet from the plaintiff's property to the defendants', the defendants did not remove the last boats until they were informed that the plaintiff sought an order to show cause why they should not be held in contempt.
In addition, the defendants allowed the dock components to accumulate over the summer and did not remove them before November 1. Moreover, they did not remove dock components which had been present on the plaintiff's property before the entry of Judge Stodolink's order.
These failures to act are in violation of the court order of February 21.
For the foregoing reasons, the court finds the defendants in contempt for storing boats and dock components in excess of two weeks in violation of the court order of February 21. The court finds that their actions were wilful and intentional and with full understanding of the meaning of the court order.
"A contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public. . . ." (Brackets omitted; citations omitted, internal quotation marks omitted.) Marcil v. Marcil, 4 Conn. App. 403, 404, 494 A.2d 620
(1985). "A wilful failure to comply with an outstanding court order may constitute a civil contempt, although a finding of CT Page 3765 contempt depends upon the facts and circumstances surrounding it." Tufano v. Tufano, 18 Conn. App. 119, 124, 556 A.2d 1036
(1989).
Accordingly, the court awards attorney's fees of $1500.00. The court finds this sum reasonable having reviewed the standards set forth in Johnson v. Georgia Highway Express, Inc.488 F.2d 714 (1974); see also Hernandez v. Monterey Village AssociatesLimited Partnership, 24 Conn. App. 514, 517 n. 3, 589 A.2d 888
(1991). Further the court awards sheriff's fees of $194.40. (Exhibit 5.) The court fines the defendants the sum of $100 per day for 19 days during which time the defendants violated the court's order. These sums are to be paid within 30 days of the date of this order. Other relief requested is denied without prejudice.
SANDRA VILARDI LEHENY JUDGE, SUPERIOR COURT