[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON ATTORNEY'S FEES
On reconsideration, I believe that an award of attorney's fees as to the CUTPA count is appropriate. Because the issue had effectively been reserved for post-trial consideration, my previous denial of attorney's fees as to the CUTPA issue was somewhat premature. I agree with the plaintiff's assertion, backed by references to the record, that the issue had been preserved.
Section 42-110g(d) of the General Statutes provides that in CUTPA actions "the court may award, to the plaintiff in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery." The award of attorneys' fees falls within the discretion of the trial court. Staehle v. Michael's Garage, Inc., 35 Conn. App. 455,459 (1994); Hernandez v. Monterey Village Associates LimitedPartnership, 24 Conn. App. 514 (1991); cf Barco Auto Leasing Corp. v.House, 202 Conn. 106, 120 (1987). Cases such as Steiger v. J.S.Builders, Inc., 39 Conn. App. 32 (1996), indicate that Connecticut applies the criteria listed in Johnson v. Georgia Highway Express, Inc.,488 F.2d 714 (5th Cir. 1974). These include:
1. The time and labor required;
2. The novelty and difficulty of the questions;
 3. The skill required to perform the legal service properly;
 4. The preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee;
6. Whether the fee is fixed or contingent;
 7. Time limitations imposed by the client or the circumstances;
8. The amount involved and the results obtained;
 9. The experience, reputation and ability of the attorneys;
CT Page 3518
10. The "undesirability" of the case;
 11. The nature and length of the professional relationship with the client;
12. Awards in similar cases.[1]
The first issue, of course, is to determine whether the plaintiff is a "prevailing party". Although the result was somewhat mixed, I found for the plaintiff on the CUTPA claim and much of the remainder of the case. The plaintiff prevailed in the sense of eligibility for attorney's fees; the less than total victory may be reflected in an adjustment pursuant to the eighth Johnson factor.
The customary approach to determining attorney's fees is to find the "lodestar" figure, then adjust it according to the factors listed above. The lodestar figure is determined by multiplying the reasonable number of hours spent on the case by a reasonable hourly rate. The plaintiff submitted evidence, specifically uncontested by the defendant, that the lodestar figures are $8,135.50 for pretrial and trial proceedings and $1,291.50 for preparation for and representation by Attorney Spat at the hearing on the issue of attorney's fees.[2]
The lodestar figure is subject to adjustment. First, of course, it must be reduced by the amount of attorney's fees awarded pursuant to other statutory sections. See, e.g., Manufacturers Technologies, Inc. v.Cams, Inc., 728 F. Sup. 75 (D.Conn. 1991). Thus, the amount is reduced by $1177.95, the total of the other awards of attorney's fees. I have considered all of the other Johnson factors, and I find several of them salient. First, counsel was most qualified, competent and professional, but I do not find that this case presented particularly difficult or novel issues. Counsel argued that several of the issues had not been decided in this jurisdiction, and this may be so, but I do not find the matter to have been especially complex and the principles established in prior cases could be used to determine the outcome of this case.
At the hearing on attorney's fees, counsel testified that the customary arrangement reached with clients contemplates the payment of a fee that may subsume a great part of any monetary award, because the prospect of large monetary awards in RISFA cases is slender. This factor is a double-edged sword: one purpose of the award of attorney's fees is to encourage the enforcement of remedial legislation such as RISFA, where actual monetary damage is not likely to be great in any particular case, but on the other hand it may be customary to charge a major portion of any recovery for the same reason: once the deficiency judgment is CT Page 3519 avoided, the client simply has not, in the usual case, lost much.
I do not find that significant "other employment" was lost by the plaintiff's attorney, nor that the case was "undesirable" in any manner other than that perhaps there was not a great prospect of large monetary reward: there certainly was no social stigma involved.
Most of the factors, then, do not justify a deviation from the lodestar, one way or the other. I do find, however, that the eighth factor, the amount involved and the results obtained, compels a modest reduction. The plaintiff did not prevail on all of his claims, and the result obtained was relatively modest. I will reduce the lodestar, then, by $2,000.00. The total award of attorney's fees pursuant to CUTPA, then, is $6249.05.
Beach, J.