[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ATTORNEY FEES AND EXPENSES
This court in dealing with attorney fees and expenses has first to consider the affidavit of fees and expenses submitted by Attorney Paul Levine, the previous attorney on this case. Attorney Levine secured the Pre-Judgment Remedy (PJR) which was subsequently lost because of failure to serve the signed complaint within the 30 day period subsequent to the granting of the PJR order. The complaint was served anew and the case proceeded without a PJR order. Attorney Levine had the complaint served anew and withdrew from the case. His bill for services rendered is $3,000. Attorney Rosenblit filed his appearance in lieu of Attorney Levine and the case proceeded to trial.
Defendant's attorney argues that the defendant should not be billed for the representation to secure the PJR. This court would agree with that position if there had been a second effort to secure a PJR. This was not the case. The instant case went forward without a PJR in place. We do not have a situation of being billed twice for the same activity. Accordingly, the court allows the $3,000 fee payable for the services of Attorney Paul Levine.
While the instant litigation was pending the Miller's brought a criminal complaint against the defendant Peter Guimaraes as well as a complaint against him and his construction company with the Department of Consumer Protection. Part of the attorney fees claimed by Attorney Rosenblit are for services rendered in both of those matters. Since the court's award of attorney fees was on the CUTPA (Connecticut Unfair CT Page 8847 Trade Practices Act) claim, the court will award reasonable attorney's fees based on the legal services performed on the instant case.
In Steiger v. J.S. Builders, 39 Conn. App. 32, 38-39 (1995) the Appellate Court adopted, for CUTPA purposes, the twelve guidelines stated in Johnson v. Georgia Highway Express, Inc., 488 F.3d 714, 717-19 (5th Cir. 1974). Under these guidelines the court considers the legal questions presented, the skill required to present the case, the amount in controversy, the experience of the attorney, the case itself, and the time required to put the case together, to plead it, to try it and to prepare the post-trial briefs. This was a hearing to the court which took close to 5 days. This court also heard expert testimony on the issue of attorney's fees.
The legal issues in this five count were complex involving fraudulent misrepresentation, common law conversion, breach of contract, breach of implied duty of good faith and fair dealing, breach of the corporate veil, as well as the CUTPA claim.
The court considers now the hours being billed for on the criminal matter which began with a complaint filed against the defendant Peter Guimaraes. The court considers this separate and apart from the instant civil action. The fact that the judge presiding over the criminal proceedings asked that plaintiffs attorney to attend in chamber discussions does not generate a cost to the defendant in the instant civil case.
The court next considers the hours being billed for attendance at the Consumer Protection hearings as well as the hours billed for reading the transcripts of those proceedings. This is an administrative action originating from a complaint lodged against the defendants by the Millers. Attendance by their attorney was as a spectator. Here again activity having to do with these hearings does not generate a cost to the defendants in the instant civil case.
The balance of the hours remaining after omitting those listed for the criminal case and the Consumer Protection proceedings, number 251.25. The hourly rate of $150.00 is the rate agreed upon by the Millers and their attorney. The court allows attorney fees in the amount of $37,687.50 for the services of Attorney Rosenblit.
The plaintiff also seeks taxable costs in the amount of $1,962.79 which includes the expert witness fee of $1,000.00 and the marshal's subpoena fees of $321.54. The court allows taxable costs in the amount of $1,962.79. CT Page 8848
The motion for non-taxable expenses is denied.
The court grants attorney fees in the amount of $40,687.50 and taxable costs of $1,962.79.
 ___________________, J. Hennessey