[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PUNITIVE DAMAGESAND ATTORNEY'S FEES
The present action was tried before a jury resulting in a verdict in favor of the plaintiff in the amounts of: $1,000 for breach of contract; $41,850 for damages for conversion; and $20,000 as damages for an unfair trade practice. The defendant also received a verdict on its counterclaim in the amount of $5,398. The court has previously filed a Memorandum of Decision with respect to a Motion to Set Aside the Verdict and for a remittitur filed by the defendant. The plaintiff has now moved for attorney's fees and punitive damages under the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes §42-110a et seq.
Upon a finding of a CUTPA violation, General Statutes §42-110g(a) provides in part that: "The court may, in its discretion, award punitive damages. . . ." "In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. . . . In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence." Gargano v. Heyman, 203 Conn. 616, 622 (1987). The issue is therefore presented as to whether the conduct of the defendant justifies an award of punitive damages.
The case involved an employment agreement whereby the defendant employed the plaintiff for a short period of time and then terminated him. At the time of the termination, the defendant owed the plaintiff money for work done by the defendant for the plaintiff. The plaintiff had also brought a machine to the plaintiff's property and requested the machine when he was terminated. The defendant told the plaintiff that he could not take the machine until the debt was paid. Shortly after the termination, a letter was written by an attorney for the plaintiff to the defendant requesting the release of the machine but no action thereafter was taken. The defendant, on two CT Page 2563 occasions, did consult an attorney with respect to its rights. At a later date, the defendant did send to the plaintiff a bill for storage of the machine.
While it is clear that the defendant did not have the right to hold the machine until payment of the debt, the court cannot find that the actions of the defendant were either wilful, wanton or malicious, or that such actions were done with evil motive or with an intent to injure the plaintiff. Accordingly, the motion for an award of punitive damages is denied.
The plaintiff also requests the court to award attorney's fees and costs pursuant to CUTPA and, particularly, General Statutes § 42-110g(d) which provides that "the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery."
"The public policy underlying CUTPA is to encourage litigants to act as private attorneys general and to engage in bringing actions that have as their basis unfair or deceptive trade practices. . . . In order to encourage attorneys to accept and litigate CUTPA cases, the legislature has provided for an award of attorney's fees and costs." Freeman v. Alamo Management Co.,2 Conn. App. 124, 133 (1991).
The defendant asserts that the court should not exercise its discretion so as to award attorney's fees, while plaintiff asserts that attorney's fees should be based upon his one-third contingency fee arrangement with his attorney and that that computation should be based upon the total damages awarded including punitive damages. The court is aware that various factors have been set forth as factors which might be considered in the exercise of its discretion so as to award attorney's fees and, if so, the amount thereof. See Steiger v. J.S. Buildings,Inc., 39 Conn. App. 32, 38 (1995).
The court notes that the present action was not solely one so as to vindicate unfair trade practices. Quite apart from any CUTPA claim, the plaintiff asserted claims involving substantial damages. With respect to the claim for breach of contract, upon which the jury awarded the plaintiff $1,000, the plaintiff asserted a claim for one year's salary that was withdrawn at the time of trial as well as a claim for a 20 percent interest in the CT Page 2564 common stock of the defendant corporation which claim was not accepted by the jury. With respect to the conversion claim, the court notes that there was a rather clear conversion of the plaintiff's property. The plaintiff claimed substantial damages arising out of the conversion including testimony by the plaintiff that, had he been able to utilize his machine, he would have been able to earn at least $75,000 per year. In addition, the plaintiff presented evidence by other parties of work available to him had he been able to utilize the machine and that there was a particular project in progress which would have provided him with some $60,000 with very little overhead. The jury awarded the plaintiff the sum of $41,850 with respect to the conversion claim. Had the jury chosen to accept the plaintiff's claimed economic losses, the verdict could have conceivably run into the many hundreds of thousands of dollars. Under such circumstances, an award of attorney's fees based upon the total amount recovered is not necessary in order to encourage attorneys to accept and litigate CUTPA cases.
The jury awarded the plaintiff the sum of $20,000 with respect to the CUTPA claims and the court deems a fair and reasonable attorney's fees, in light of the contingent fee arrangement between the plaintiff and his attorney, to be $10,000, and accordingly awards that amount as attorney's fees pursuant to General Statutes § 42-110g(d).
The plaintiff also requests that the court award costs as a result of the finding by the jury of the CUTPA violation and the award of damages therefor. The plaintiff has submitted an affidavit setting forth $4,220.51 as a claim for recoverable costs which sum does not include taxable costs that may generally be awarded as a result of the verdict in favor of the plaintiff. Of the amounts submitted by the plaintiff, the court does not deem it appropriate to award costs for a deposition taken of a witness by the plaintiff who was not utilized at trial in the amount of $287.48; in addition, the court does not deem it appropriate for an investigative fee of $65; and an additional deposition in the amount of $302.27. Deducting the sum of these figures ($654.65) from the total costs claimed ($4,220.51), there remains the sum of $3,565.86 on taxable costs. In consideration of the fact that some of these costs would have been incurred even in the absence of a CUTPA violation claim, the court deems it fair and reasonable to assess one-half of those costs for the costs incurred by the plaintiff to the defendant. Accordingly, pursuant to General Statutes § 42-110g(d) the court awards a CT Page 2565 sum of $1,782.93 as costs to the plaintiff.
Rush, J.